# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | No. 16-56057 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:15-cv-03462-RGK-AGR |
| LED ZEPPELIN, *et al.*, | |
| Defendants - Appellees. | U.S. District Court Central District of California, Los Angeles |
| | |
| WARNER/CHAPPELL MUSIC, INC., | No. 16-56287 |
| Defendant - Appellant, | |
| v. | |
| MICHAEL SKIDMORE, *etc.*, | |
| Plaintiff - Appellee. | |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HONORABLE R. GARY KLAUSNER, DISTRICT JUDGE PRESIDING

**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE APPEALS**

Peter J. Anderson, Esq.
Law Offices of Peter J. Anderson, A P.C.
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
T: (310) 260-6030  F: (310) 260-6040
Attorney for Defendants-Appellees and
Defendant, Appellee and Appellant
Warner/Chappell Music, Inc.

Helene M. Freeman, Esq.
Philips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 977-9700  F: (212) 262-5152
Attorney for Defendants-Appellees
James Patrick Page, Robert Anthony
Plant and John Paul Jones

# REPLY IN SUPPORT OF MOTION
# FOR ORDER CONSOLIDATING APPEALS

Defendant, appellee and appellant Warner/Chappell Music, Inc. ("Warner/Chappell") respectfully submits this Reply to plaintiff, appellant and appellee Michael Skidmore's ("Plaintiff") Response (Dkt 6 in no. 16-56057 & Dkt 4 in no. 16-56287) to Warner/Chappell's Motion for an Order consolidating these two appeals.

**1. Plaintiff Does Not Dispute Warner/Chappell's Grounds for Consolidation**

Plaintiff's Response does not dispute the following grounds that Warner/Chappell raised in support of consolidation:

    1.    The appeals are likely to be argued at the same time.

    2.    There is substantial overlap between the two appeals, including the same background, same procedural history and consideration of the same rulings by the District Court.

    3.    Consolidation would not result in any delay of the appeals and will result in a single series of briefing.

Warner/Chappell Motion (Dkt 5 in no. 16-56057 & Dkt 3 in no. 16-56287) at 2-3.

By conceding these grounds, Plaintiff also effectively concedes that separate briefing would result in substantial overlap, duplication and inefficiencies.

1

**2. Plaintiff's "Primary Reason" for Opposing Consolidation is Conclusory and Ultimately Lacks Merit**

Plaintiff's "primary reason" for opposing consolidation is that his appeal supposedly presents "complicated" and "novel issues of law interpreting the Copyright Act of 1909" and the Court would be unable to "focus[ ]" on them if it also considers Warner/Chappell's appeal. Plaintiff's Response at 2; *see also* Response at 3 ("consolidation . . . would cause prejudice by confusing the issues on appeal").

But, Plaintiff does not identify these supposedly complex issues.

Further, this Court routinely handles appeals, including consolidated appeals, that are truly complex, and Plaintiff's suggestion that the Court cannot do so here is an affront to the Court.

Moreover, Plaintiff does not dispute that the two appeals are related, and related appeals are customarily assigned to the same panel – and, as Warner/Chappell raised in its Motion, argued at the same time, Fed. R. App. P. 34(d) – whether or not the briefing is consolidated. As a result, even if there were any substance, which there absolutely is not, to Plaintiff's suggestion that the Court lacks the ability to handle complex appeals, separate briefing would solve nothing.

As a result, Plaintiff's "primary reason" for opposing consolidation lacks merit.

2

### 3. Plaintiff's Criticism of the Consolidated Briefing Schedule Is Misplaced

Plaintiff also takes issue with Warner/Chappell's description of the briefing if the appeals are consolidated.

In its Motion, Warner/Chappell set out that, following established practice, the briefing on consolidated appeals would be (1) Plaintiff's opening brief, (2) Defendants' answering brief and Warner/Chappell's opening brief, (3) Plaintiff's reply brief and answering brief and (4) Warner/Chappell's reply brief. Warner/Chappell Motion at 2-3. To deal with Plaintiff's initial objection that consolidation would delay the briefing, Warner/Chappell also proposed to Plaintiff's counsel, and proposed in its Motion, that the current December 30, 2016 filing deadline in no. 16-56057 continue to apply to Plaintiff's opening brief. *Id.* at 2-3, & at Exhibit 3 (September 13, 2016 e-mail to Plaintiff's counsel, "Also, if you prefer we could ask that the court retain your opening brief deadline for the consolidated appeals").

Plaintiff's first criticism of the consolidated briefing schedule described in Warner/Chappell's Motion is that it "fails to take into account" that he expects to request an extension of the deadline for him to file his opening brief. Plaintiff's Response at 2-3. Plaintiff did not previously advise Warner/Chappell that he may seek an extension – to the contrary, he initially argued that consolidation would delay the briefing – and now he only speculates that he might re-

3

quest an extension. In any event, consolidation of the appeals will not change that he remains free to request an extension of his deadline.

Plaintiff's second criticism of the consolidated briefing schedule is that it "unfairly forces Plaintiff to go first, and allows Defendants to have the last word." Plaintiff's Response at 3. But, if the appeals are not consolidated then Plaintiff's opening brief in the first-filed appeal would "go first," and Warner/Chappell's reply brief in the second-filed appeal would be the last filed. Consolidation does not change who goes first or last, but simply streamlines the briefing. Warner/Chappell Motion at 2-3.

Plaintiff's third and final criticism of the consolidated briefing schedule is that he "is represented by a small firm, as opposed to the large firms that represent the Led Zeppelin defendants," and he would be "disadvantage[d]" by having to file both his reply brief in his appeal and his answering brief in Warner/Chappell's appeal at the same time. Plaintiff's Response at 3. As an initial point, Plaintiff is represented by two firms, with a total of at least fourteen lawyers, while Warner/Chappell is represented not by a large firm, but by a solo practitioner who is solely responsible for Warner/Chappell's briefing of its appeal and also is lead counsel for Warner/Chappell and the other defendants on Plaintiff's appeal. Further, since Plaintiff advises the Court that there is no merit to Warner/Chappell's appeal (Plaintiff's Response at 2), his answering brief

4

as to that appeal should be easy. And, under the consolidated briefing schedule Plaintiff's answering brief and reply brief are due the same day, so that Plaintiff will have an extra sixteen days to reply to Warner/Chappell's answering brief. *See below* at 7. Finally, even if the appeals are not consolidated (and subject to any extensions sought), Plaintiff will have to file his answering brief in the second appeal and his reply brief in the first appeal in close proximity.

Accordingly, there also is no merit to Plaintiff's criticism of the consolidated briefing schedule.

### 4. Plaintiff's Proposed Matching Filing Deadlines Is Not Consolidation, Is Not Merited and Is Not Workable

Finally, Plaintiff argues that, to avoid the "unfair advantage" of the reply in the second-filed appeal being last, the opening briefs, answering briefs and reply briefs in the two appeals should each be due the same day. Plaintiff's Response at 3-4. But, that argument is misplaced for multiple reasons.

First, there is no "unfair advantage" in the second-filed appeal's reply going last. That is how briefing is handled; that would be the case without consolidation; and Plaintiff ignores that Warner/Chappell's reply brief is limited to the issues in its appeal.

Second, Plaintiff's proposal is not consolidation. Rather, he simply proposes six separate briefs in two separate appeals, with his appeal's scheduled deadlines moved down the road to match the scheduled deadlines in Warn-

5

er/Chappell's appeal. None of the benefits of consolidation – which he does not dispute, *see, above* at 1 – are realized and the inefficiencies of separate appeals would continue to apply.

Third, Plaintiff's proposal is not workable. At each point where he proposes simultaneous filings, a party or parties could request an extension resulting in the filings not being simultaneous. Avoiding that by the Court providing both sides the same extension would mean one side, without good cause for an extension, benefitting by another side's showing of good cause for an extension. And avoiding undeserved extensions to the undiligent would again mean non-simultaneous filings.

Plaintiffs' proposal of matching-but-unconsolidated briefing is properly rejected. Indeed, if for any reason the Court is inclined to consider Plaintiff's proposal, and to avoid the problems it would create, Warner/Chappell and the other defendants instead urge the Court to simply decline to consolidate briefing and leave the schedule as is.

### 5. Conclusion

Warner/Chappell respectfully requests that the Court grant its Motion and consolidate the appeals and direct the following briefing, with the stated deadlines in each instance subject to any extension the filing party may be granted:

- Plaintiff's opening brief, December 30, 2016;

- Defendants' answering brief and Warner/Chappell's opening brief, January 30, 2017 (or 30 days after Plaintiff's opening brief, if Plaintiff obtains an extension);

- Plaintiff's reply brief and answering brief, March 1, 2017 (or 30 days after Defendants' answering brief and Warner/Chappell's opening brief, if they obtain an extension); and

- Warner/Chappell's reply brief, March 20, 2017 (or 14 days after service of Plaintiff's answering brief).

                                               Respectfully submitted,

Dated: November 3, 2016           /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants and Appellees
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
ATLANTIC RECORDING CORPORATION,
RHINO ENTERTAINMENT COMPANY,
SUPER HYPE PUBLISHING, INC., and
WARNER MUSIC GROUP CORP.
and Defendant, Appellee and Appellant
WARNER/CHAPPELL MUSIC, INC.

Helene M. Freeman, Esq.
PHILIPS NIZER LLP
Attorney for Defendants-Appellees
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT
and JOHN PAUL JONES

7

## **CERTIFICATE OF COMPLIANCE**

This Reply complies with the page limitation of Federal Rule of Appellate Procedure 27(d)(2) because this Reply is less than 10 pages in length. This Reply also complies with Rule 27(d)(1)(E) and the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because this Reply has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type size in New Times Roman type style.

Dated: November 3, 2016         /s/ Peter J. Anderson
                              Peter J. Anderson, Esq.
                       LAW OFFICES OF PETER J. ANDERSON
                             A Professional Corporation
                         Attorney for Defendants and Appellees
                          JAMES PATRICK PAGE, ROBERT
                       ANTHONY PLANT, JOHN PAUL JONES,
                       ATLANTIC RECORDING CORPORATION,
                        RHINO ENTERTAINMENT COMPANY,
                         SUPER HYPE PUBLISHING, INC., and
                            WARNER MUSIC GROUP CORP.
                          and Defendant, Appellee and Appellant
                           WARNER/CHAPPELL MUSIC, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2016, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that at least one of the counsel for each participant in the case is a registered CM/ECF user.

Dated: November 3, 2016                  /s/ Peter J. Anderson
                                                                              PETER J. ANDERSON