# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | No. 16-56057 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:15-cv-03462-RGK-AGR |
| LED ZEPPELIN, *et al.*, | |
| Defendants - Appellees. | U.S. District Court Central District of California, Los Angeles |
| | |
| WARNER/CHAPPELL MUSIC, INC., | No. 16-56287 |
| Defendant - Appellant, | |
| v. | |
| MICHAEL SKIDMORE, *etc.*, | |
| Plaintiff - Appellee. | |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HONORABLE R. GARY KLAUSNER, DISTRICT JUDGE PRESIDING

**MOTION FOR LEAVE TO FILE OVERSIZED BRIEF**

Peter J. Anderson, Esq.
Law Offices of Peter J. Anderson, A P.C.
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
T: (310) 260-6030  F: (310) 260-6040
Attorney for Defendants-Appellees and
Defendant, Appellee and Appellant
Warner/Chappell Music, Inc.

Helene M. Freeman, Esq.
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 977-9700  F: (212) 262-5152
Attorney for Defendants-Appellees
James Patrick Page, Robert Anthony
Plant and John Paul Jones

## **MOTION FOR LEAVE TO FILE OVERSIZED BRIEF**

Pursuant to Circuit Rule 32-2, defendants-appellees and defendant-appellee-appellant respectfully move this Honorable Court for an Order granting them leave them to file their Answering and Opening Brief, which exceeds by 3,123 words the 16,500 word limit applicable to that combined brief under Circuit Rule 28.1-1(c).

This Motion is made upon the grounds that, as set forth in more detail in the attached Declaration, defendants' proposed Answering and Opening Brief not only responds to the many issues raised in plaintiff-appellant-appellee's oversized Opening Brief of 17,634 words, but also includes Warner/Chappell Music, Inc.'s opening brief on its consolidated appeal; counsel have diligently sought to meet the word limitation, including by extensive editing and by omitting potentially meritorious arguments; and the issues in these two appeals cannot be cogently presented and adequately addressed without the requested relief.

This Motion is made after consultation with counsel for plaintiff-appellant-appellee, who advised that they will leave to the Court's discretion whether to grant this Motion.

Respectfully submitted,

Dated: June 2, 2017  /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants and Appellees
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
ATLANTIC RECORDING CORPORATION,
RHINO ENTERTAINMENT COMPANY,
SUPER HYPE PUBLISHING, INC., and
WARNER MUSIC GROUP CORP.
and Defendant, Appellee and Appellant
WARNER/CHAPPELL MUSIC, INC.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants-Appellees
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT
and JOHN PAUL JONES

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1. I am an attorney admitted to practice before this Court and all Courts of the State of California. I have personal knowledge of the following facts and I could competently testify to these facts if called upon to do so.

2. I represent defendants and appellees James Patrick Page, Robert Anthony Plant, John Paul Jones, Atlantic Recording Corporation, Rhino Entertainment Company, Super Hype Publishing, Inc., and Warner Music Group Corp., and defendant, appellee and appellant Warner/Chappell Music, Inc. ("Warner/Chappell").

3. This Declaration is submitted in support of defendants' Motion for leave to file their oversized Answering and Opening Brief.

4. In these consolidated appeals, plaintiff-appellant-appellee Michael Skidmore appeals from the Judgment and Amended Judgment entered by the District Court after the jury trial of plaintiff's copyright infringement claims. Plaintiff's Opening Brief raises multiple issues as to each of the following District Court rulings challenged by plaintiff:

    (a) The District Court's pretrial and trial rulings excluding, for the purpose of determining substantial similarity with *Stairway to Heav-*

*en*, sound recordings of the band Spirit's studio and concert performances of *Taurus*;

 (b) The District Court's trial rulings limiting the use, for purposes of determining defendants' claimed access to *Taurus*, sound recordings of Spirit's performances of *Taurus*;

 (c) The jury instructions that the District Court gave, and did not give, the jury, including instructions on this Circuit's inverse ratio rule, copyrightable selections and arrangements and copyright originality;

 (d) The District Court's handling of the jury's request during deliberations to hear recordings of plaintiff's master guitarist performing the beginnings of the *Taurus* musical composition and *Stairway to Heaven*; and

 (e) The District Court's denial of plaintiff's motion to preclude trial testimony from defendants' musicologist.

5. Plaintiff, citing the numerous issues presented, requested and received from this Court leave to file his Opening Brief of 17,634 words, exceeding by 3,634 words the limitation of Circuit Rule 28.1-1(b). Plaintiff's Motion (Dkt. Entry 16) at 6-7. Plaintiff's Excerpts of Record total 2,922 pages.

6. Defendants' proposed Answering and Opening Brief not only responds on behalf of all defendants to plaintiff's oversized Opening Brief, but

4

also incorporates Warner/Chappell's opening brief on its appeal from the District Court's denial of Warner/Chappell's motions for attorneys' fees and additional costs. The issues raised by Warner/Chappell's appeal include:

(a) whether the District Court erred on the law in concluding that the jury's verdict against plaintiff and the District Court's denial of summary judgment established that plaintiff's claims were reasonable;

(b) whether the District Court erred on the law and the record in concluding that plaintiff's motivation cut against the award of attorneys' fees;

(c) whether the District Court erred on the law in concluding that the need for compensation and deterrence only slightly favored the award of attorneys' fees;

(d) whether the District Court erred on the law in concluding that its finding of plaintiff's litigation misconduct is another, equal factor to be considered, as opposed to an independent ground supporting the award of attorneys' fees; and

(e) whether the District Court's denial of attorneys' fees and additional costs failed to further the policies of the Copyright Act.

7. Helene M. Freeman, counsel for the individual defendants, and I have spent substantial time diligently editing drafts of defendants' Answering

5

and Opening Brief in an effort to meet the Court's word limitation. By extensive re-writing and repeated editing, including dropping additional and alternative arguments we believe to be meritorious, we have reduced the word count by literally thousands of words.

8. Given the number of issues in these cross-appeals, and given that plaintiff's oversized Opening Brief exceeds this Court's limitation by 3,634 words, I do not believe that we can adequately address the issues in these two consolidated appeals in a brief that is shorter than defendants' proposed Answering and Opening Brief. Instead, I strongly believe that further reduction in the length of the Answering and Opening Brief would result in a brief that is harder to follow and compromises intelligibility and quality.

9. I also note that the 3,123 additional words that defendants seek for their combined Answering and Opening Brief, is less than the 3,634 words that the Court provided plaintiff for his Opening Brief, alone.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2, 2017 in Los Angeles County, California.

                                                   /s/ Peter J. Anderson
                                              PETER J. ANDERSON

## **CERTIFICATE OF COMPLIANCE**

This Motion complies with the page limitation of Federal Rule of Appellate Procedure 27(d)(2) because this Motion, exclusive of the supporting Declaration, is less than 20 pages in length. This Motion also complies with Rule 27(d)(1)(E) and the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point type size in New Times Roman type style.

Dated: June 2, 2017        /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants and Appellees
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
ATLANTIC RECORDING CORPORATION,
RHINO ENTERTAINMENT COMPANY,
SUPER HYPE PUBLISHING, INC., and
WARNER MUSIC GROUP CORP.
and Defendant, Appellee and Appellant
WARNER/CHAPPELL MUSIC, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2017, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that at least one of the counsel for each participant in the case is a registered CM/ECF user.

Dated: June 2, 2017        /s/ Peter J. Anderson
                                                             PETER J. ANDERSON