LAW OFFICES OF
PETER J. ANDERSON
A PROFESSIONAL CORPORATION
100 WILSHIRE BOULEVARD
SUITE 2010
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 260-6030
FACSIMILE (310) 260-6040
EMAIL: pja@pjanderson.com

January 22, 2018

Molly C. Dwyer
Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Re: *Skidmore v. Led Zeppelin et al.*; Case Nos. 16-56057 & 16-56287
<u>Oral argument calendared for March 12, 2018, San Francisco</u>

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), defendants/appellees and defendant/appellee/appellant Warner/Chappell Music, Inc. ("Warner/Chappell") respectfully identify the following supplemental authority that has recently come to our attention:

The Copyright Office's Compendium of Copyright Office Practices (1st ed. 1973) under the Copyright Act of 1909, 17 U.S.C. Sections 1 *et seq.*, https://www.copyright.gov/history/comp/compendium-one.pdf, which provides:

    1.    Regarding copyrights obtained in an unpublished musical composition, "protection extends only to the material actually deposited, . . . ." 1973 Copyright Office Compendium at 2-183; *see also id.* at 5-15 ("The copies deposited must be 'complete copies' (17 U.S.C. §§ 12, 13, 22)").

Molly C. Dwyer
Clerk of the Court
January 22, 2018
Page 2

    2.    The copy of the musical composition deposited with a copyright registration application must be "capable of being read and visually perceived, . . . , even if it does not employ the conventional form of music notation." *Id.* at 2-192.

    The foregoing is further confirmation of the prevailing view and the view of the Copyright Office[1] that the copyright obtained in a musical composition under the 1909 Act protects the written memorialization of the musical composition deposited with the Copyright Office as the statutorily required "complete copy of such work . . . ." 17 U.S.C. § 12; Answering & Opening Brief ("Defs' AOB"; Dkt. Entry 29) at 34-36, 43-45, 49-50; Warner/Chappell Reply Brief (Dkt. Entry 51) at 4-7; *cf.* Appellant's Opening Brief ("OB"; Dkt. Entry 18) at 45-46 (under 1909 Act, "no one understood the deposit copy requirement to be substantive at that time").

    Also, the Copyright Office's practice under the 1909 Act of accepting as the deposit copy of a musical composition any writing "capable of being read and visually perceived, . . . , even if it does not employ the conventional form of music notation" (1973 Copyright Office Compendium at 2-192), confirms that the deposit requirement was no great burden. OB at 45; Defs' AOB at 45.

    Thank you for your attention to the foregoing.

                                          Very truly yours,

                                          Peter J. Anderson

---

[1] *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041-42 (9th Cir. 2014) (Copyright Office's reasonable view entitled to deference).

Molly C. Dwyer
Clerk of the Court
January 22, 2018
Page 3

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that I electronically filed this Federal Rule of Appellate Procedure 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on January 22, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that the body of the foregoing letter contains 339 words.


Dated: January 22, 2018                    /s/ Peter J. Anderson