LAW OFFICES OF
# Peter J. Anderson
A PROFESSIONAL CORPORATION
100 WILSHIRE BOULEVARD
SUITE 2010
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 260-6030
FACSIMILE (310) 260-6040
EMAIL: pja@pjanderson.com

February 28, 2018

Molly C. Dwyer
Clerk of the Court
Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Re: *Skidmore v. Led Zeppelin et al.*; Case Nos. 16-56057 & 16-56287
<u>Oral argument calendared for March 12, 2018, San Francisco</u>

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), defendants/appellees and defendant/appellee/appellant Warner/Chappell Music, Inc. ("Warner/Chappell") (collectively, "defendants") respectfully identify as supplemental authority the Court's opinion yesterday in *Rentmeester v. Nike*, No. 15-35509, 2018 WL 1055846 (9th Cir. Feb. 27, 2018).

In *Rentmeester*, the Court distinguished between (1) the issue of access plus substantial similarity triggering an inference that copying has occurred ("probative similarity") and (2) the issue of whether there is substantial similarity in protected expression. *Rentmeester*, 2018 WL 1055846, at *3-4 & at *3 n. 1. The Court also held that the inverse ratio rule is irrelevant to the second issue. *Id.* at *9-10 ("The showing of substantial similarity necessary to prove unlawful appropriation does not vary with the degree of access the plaintiff has shown").

*Rentmeester* is further confirmation that plaintiff/appellant/appellee's claim that the District Court erred by not instructing the jury on the inverse

Molly C. Dwyer
Clerk of the Court
February 28, 2018
Page 2

ratio rule[1] is moot because, as defendants have raised, the inverse ratio rule is irrelevant to whether there is substantial similarity in protected expression, which is the issue the jury found against him.[2] *Rentmeester*, 2018 WL 1055846, at *10 (a copyright plaintiff must prove "unlawful appropriation by copying more of [the plaintiff's] protected expression than copyright law allows. The inverse ratio rule has no bearing on that determination.").

Thank you for your attention to the foregoing.

Very truly yours,

Peter J. Anderson

---

[1] Appellant's Opening Brief (Dkt. Entry 18) at 23-24, 53-55; Appellant's Reply & Opening [sic] Brief (Dkt. Entry 44) at 9-10, 38-43, 48, 50).

[2] Defendants' Answering & Opening Brief (Dkt. Entry 29) at 59-60; Warner/Chappell Music, Inc.'s Reply Brief (Dkt. Entry 51) at 17-18.

Molly C. Dwyer
Clerk of the Court
February 28, 2018
Page 3

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that I electronically filed this Federal Rule of Appellate Procedure 28(j) letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on February 28, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that the body of the foregoing letter contains 266 words.

Dated: February 28, 2018