

**FRANCIS ALEXANDER llc**

April 6, 2018

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals, Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

   Re: **Skidmore v. Led Zeppelin | No. 16-56057**
     Appellant Skidmore's Letter of Supplemental Authority on the Blurred Lines
     Appellate Decision and the Deposit Copy Issue, Pursuant to FRAP 28(j)

To the Clerk,

   This Circuit issued an opinion on March 21, 2018, in the case of Williams v. Gaye [Blurred Lines], 15-56880, which Appellant Skidmore believes will be helpful to the adjudication of this appeal. The opinion supports Appellant's position that no court in 108 years of American jurisprudence has ever endorsed the district court's interpretation of the 1909 Copyright Act, which erroneously held the deposit copy governs the substantive scope of a work's copyright.

   The Blurred Lines panel was confronted with highly similar arguments concerning the effect that the deposit copy has on the scope of copyright protection. The lower court had held that copyright protection was governed by the deposit copy, but that experts were permitted to go beyond the exact notes of the deposit copy by looking at the widely known album recordings of the songs in question.

   The Blurred Lines panel chose not to adjudicate the deposit copy issue. However, while declining to formally hold on the issue, it commented in support of Plaintiff-Appellant's position in this case, observing that **the deposit copy is plainly archival**:

> To our knowledge, the Thicke Parties' position had not found support in case law until the district court's ruling. See Three Boys Music, 212 F.3d at 486 (observing, in the context of subject matter jurisdiction, that "[a]lthough the 1909 Copyright Act requires the owner to deposit a 'complete copy' of the work with the copyright office, our definition of a 'complete copy' is broad and deferential"); ... 2 Nimmer on Copyright § 7.17[A] (2017) (noting ... that the argument "that deposit has a copyright as well as an archival function" is "attenuated by the fact that the Library of Congress need not add all deposited works to its collection" or "preserve those works which it does add to its collection").

See Blurred Lines Opinion, at p.21, n10. Appellant's opening brief addressed this at page 32-33, and in his reply brief at page 22-25.

Page 2

The footnote makes clear that the district court's deposit copy ruling is an unsupported interpretation of the 1909 Act. It should be reversed and a new trial ordered.


Respectfully, I am,

Francis Malofiy, Esquire

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing APPELLANT SKIDMORE'S LETTER OF SUPPLEMENTAL AUTHORITY ON THE BLURRED LINES APPELLATE DECISION AND THE DEPOSIT COPY ISSUE, PURSUANT TO FRAP 28(J) has been served upon all counsel of record identified below via electronic filing. I further certify that the total word count of the body of this letter is 348 words.

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****
*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Alfred Joseph Fluehr, Esquire
280 N. Providence Rd. | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyers for Michael Skidmore*

*/d/ April 6, 2018*