# United States Court of Appeals
# For the Ninth Circuit

## C.A. 16-56057

-----

### Skidmore v. Led Zeppelin *et al.*

Michael Skidmore, Trustee for the
Randy Craig Wolfe Trust
Appellant.

-----

### Appellant Michael Skidmore's Response in Opposition to 123 Songwriters, NSAI, and SONA's Motion for Leave to File Amicus Curiae Brief because the Issues Raised Are Not Novel, Not Complex, and were Correctly Decided by the Panel

-----

(Music copyright infringement, from the September 28, 2018 panel opinion reversing in part, affirming in part orders of the Honorable R. Gary Klausner, of the United States District Court for the Central District of California. The case was docketed in the Central District at 15- cv-03462)

-----

### Francis Alexander, LLC
Francis Malofiy, Esquire
Alfred Joseph (AJ) Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Michael Skidmore*

Appellant Michael Skidmore's Response in Opposition to 123 Songwriters, NSAI, and SONA's Motion for Leave to File Amicus Curiae Brief because the Issues Raised Are Not Novel, Not Complex, and were Correctly Decided by the Panel

Appellant Michael Skidmore (Appellant), as Trustee for the Randy Craig Wolfe Trust, respectfully asks that this Circuit deny the motion for leave of the 123 identified songwriters, NSAI, and SONA to file an amicus brief in support of the Led Zeppelin Appellees' Petition for Panel Rehearing/Rehearing En Banc. The amicus brief does not even truly contend the panel made any real legal errors, but instead merely claims that their clients would be conveniently benefitted if the law were different.

## I. The Amicus Brief Fails to Submit the Required FRAP 26.1 and 29(a)(4)(A) Corporate Disclosures

The proposed amicus brief claims that it is being filed, in part, on behalf of the organizations "Nashville Songwriters Association International" (NSAI) and "Songwriters of North America" (SONA). Although not styled or identified as such in the brief, both are corporations (Tennessee and California, respectively) and NSAI's real name is Nashville Songwriters Association International, *Inc.* Under the FRAP 26.1 and FRAP 29(a)(4)(A) corporate disclosure requirements, the proposed amicus brief was required to disclose certain interests in these entities. The amicus brief and motion are silent on this issue, in violation of the rules; the motion to file the proposed amicus brief should therefore be denied.

Furthermore, Plaintiff-Appellant's counsel asked who the amicus counsel represented before the motion was filed and was only told of 9 songwriters as of October 30, 2018. Yet, when the proposed amicus was submitted six days later the brief listed 123 songwriters and two corporations. This demonstrates that, obviously, these songwriters were not individually sought and signed up, but instead were signed up by someone or some entity, who has not been disclosed.

It is apparent that this amicus brief does not showcase a genuine groundswell of support for its positions from songwriters and creators, as it poses, but is instead an effort from the music industry to give that appearance while protecting the industry's interests.

## II.   THE MOTION FOR LEAVE AND THE PROPOSED AMICUS BRIEF DO NOT RAISE, OR CLAIM TO RAISE, ANY NOVEL OR COMPLEX ISSUE AS REQUIRED BY THIS CIRCUIT'S RULES

The Ninth Circuit Local Rule and accompanying comment to Rule 29-2 delineate the standard for when such amicus briefs are appropriate:

> The Court considers the filing of amicus curiae briefs related to petitions for rehearing or en banc review to be appropriate only when the post-disposition deliberations involve novel or particularly complex issues.

See Local Ninth Circuit Rule 29-2, cmt.

The instant motion for leave must be denied because not only does the motion fail to mention or address the standard for filing amicus briefs for petitions for

rehearing, but neither the motion nor the proposed brief aver that the raised issues are novel or complex. On its face, the motion must be denied because it fails to address or meet the Rule 29-2 standard.

Note that the motion and proposed brief *cannot* claim that the issues raised by Defendants are novel or complex because they are relatively simple issues that have been settled law for decades, if not longer. The motion even forthrightly admits that it focuses on the alleged "impact" of the Circuit's decision, not on any novel or complex issues. See Motion, at p.2. The only actual "impact" of the panel's decision on these issues is that the law will continue to be applied as it has been for decades.

The amicus brief does not even contend the panel made any actual legal errors, but instead merely claims that their clients would be conveniently benefitted if the law was different.

By way of example, it is basic copyright law that combinations of otherwise unprotectable musical elements are protectable—this has been the law for a very long time. See, e.g., Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340 (1991); Swirsky v. Carey, 376 F.3d 841 (9th Cir. 2004). Yet, it is undisputed the trial court failed to give this instruction. Nevertheless, the proposed amicus brief baselessly claims that this foundational rule of copyright law should be essentially thrown out, in contradiction of binding Supreme Court and Ninth Circuit precedent, because it would be convenient for their clients. See Amicus Brief, at p.5.

The proposed amicus brief further claims, preposterously, that Plaintiff should not be able to play to the jury the song that Defendants' allegedly copied, to determine whether Defendants actually copied the song. See Amicus Brief, at p.12. The trial court was the first court Appellant knows of that ever precluded a plaintiff from playing for the jury the actual song the Defendants were alleged to have had access to and copied, so that the jury could determine for themselves whether Defendants copied the song. Such a thing must obviously be done during a music copyright infringement trial.

In every respect the issues the proposed amicus brief seeks to address are settled law. On these settled issues of law the panel undoubtedly correctly applied the law to the facts of this case, reaching the only possible conclusion: a new trial is required.

The panel's opinion is so clearly correct on these issues that Defendant-Appellees' petition for rehearing should never have been filed in the first place.

A comparison to Appellant's petition for rehearing helpfully illustrates when a petition for rehearing *is* warranted and appropriate. Plaintiff-Appellant Skidmore filed a petition for rehearing not on a laundry list of issues, but on just *one* issue, the deposit copy issue, because:

> (1) the panel observed that this was the first time any appellate court in the nation had *ever* addressed this issue, and

(2) the opinion's holding was premised on a serious legal error, and misunderstandings of the 1909 Copyright Act scheme, the purpose of federal registration under the Act, and the role of common law copyright under the 1909 Act in defining the scope and existence of copyright—as opposed to the deposit copy.

Unlike Plaintiff-Appellant's petition, Defendant-Appellees' petition does not address any novel or complex issues, nor does the proposed amicus. An amicus brief is not appropriate under these circumstances.

WHEREFORE, because the motion for leave is deficient on its face, and the proposed amicus brief will not help the Circuit address the issues, and because the required disclosures were not made, Appellant Skidmore respectfully asks that the motion for leave to file an amicus brief be denied, that Defendant-Appellees' petition be denied, and that Appellant's petition for rehearing on the deposit copy issue be granted.

*Respectfully submitted,*

*/s/ Francis Malofiy*
FRANCIS ALEXANDER, LLC
FRANCIS MALOFIY
ALFRED JOSEPH FLUEHR
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

*November 9, 2018*

## Certificate of Filing and Service

Counsel was served via CM/ECF which constitutes service, pursuant to Fed.

R. App. P. 25(c)(2) and Ninth Circuit Rule 25-5(g), to all registered CM/ECF users:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

Eugene Volokh
Mayer Brown LLP
350 S. Grand Ave. #2500
Los Angeles, CA 90071
T: (310) 206-3926
E: evolokh@mayerbrown.com
*Counsel for RIAA*

Danielle M. Aguirre
Erich C. Carey
Nat'l Music Publishers' Ass'n
975 F St. NW #375
Washington, DC 20004
T: (202) 393-6672
E: daguirre@nmpa.org
E: ecarey@nmpa.org
*Counsel for NMPA*

Edwin F. McPherson
Tracy B. Rane
McPherson Rane LLP
1801 Century Park East, 24th Floor

Los Angeles, California 90067-2326
T: (310) 553-8833
E: emcpherson@mcphersonrane.com
E: trane@mcphersonrane.com
*Attorneys for 123 Songwriters, NSAI, and SONA*

*Respectfully submitted,*

*/s/ Francis Malofiy*

Francis Alexander, LLC
Francis Malofiy
Alfred Joseph Fluehr
280 N. Providence Road; Suite 1
Media, PA 19063
T:  (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

*November 9, 2018*