CA Nos. 16-56057 and 16-56287
DATE OF DECISION: SEPTEMBER 28, 2018
JUDGES PAEZ AND IKUTA AND DISTRICT JUDGE VITALIANO

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

───────────────────────────────

MIKE SKIDMORE,
AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST
*Plaintiff-Appellant-Appellee*

v.

LED ZEPPELIN, ET AL.,
*Defendants-Appellees*

AND

WARNER/CHAPPELL MUSIC, INC.,
*Defendant-Appellee-Appellant*

───────────────────────────────

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. R. GARY KLAUSNER, DISTRICT JUDGE
CASE NO. 15-CV-03462-RGK (AGRX)

───────────────────

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF 123 SONGWRITERS, COMPOSERS, MUSICIANS, AND PRODUCERS, ALONG WITH NSAI AND SONA, FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PETITION OF DEFENDANTS FOR PANEL REHEARING AND REHEARING EN BANC**

───────────────────

Edwin F. McPherson
Tracy B. Rane
**McPHERSON RANE LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2326
(310) 553-8833
emcpherson@mcphersonrane.com
trane@mcphersonrane.com
***Attorneys for Amici Curiae***

**TABLE OF CONTENTS**

                                                                                     **PAGE**

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.     PLAINTIFF'S ASSERTION THAT THERE IS SOME PERSON OR ENTITY THAT HAS NOT BEEN DISCLOSED IS ENTIRELY ERRONEOUS, AND MAKES NO SENSE; MOREOVER, AMICI HAVE FILED A RULE 26.1 CORPORATE DISCLOSURE STATEMENT WITH RESPECT TO THE TWO ENTITIES CONCURRENTLY WITH THIS REPLY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.     THE MOTION FOR LEAVE COMPLIES WITH THIS CIRCUIT'S RULE 29-2 STANDARD, AND PLAINTIFF'S ATTEMPT TO MISCHARACTERIZE AMICI'S LEGAL ARGUMENTS SHOULD BE DISREGARDED... . . . . . . . . . . . . . 4

III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*In re Bull*,
　528 B.R. 473 (M.D. Fla. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Skidmore v. Led Zeppelin*,
　2018 U.S. App. LEXIS 27680 (9th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . 8

**RULES**

*Federal Rules Appellate Procedure 26.1.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Federal Rules Appellate Procedure 29(a)(3).* . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Federal Rules Appellate Procedure 29(a)(4)(A)..* . . . . . . . . . . . . . . . . . . . . . . . 4

*Ninth Circuit Advisory Note to Rule 29-2..* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I. <u>INTRODUCTION</u>

On November 5, 2018, 123 individual songwriters, composers, musicians, and producers, the Nashville Songwriters Association International (NSAI), and the Songwriters of North America (SONA) filed a Brief of Amicus Curiae in Support of the Petition of Defendants-Appellees, Led Zeppelin, et al., for Panel Rehearing and Rehearing En Banc, along with a Motion for Leave to File the Amicus Brief. The motion and amicus brief were made on the ground that there were significant rulings made by the panel that, if left unchanged, would likely stifle the creativity of Amici and other existing and future songwriters, and would adversely impact the entire music industry in general.

As discussed below, the Opposition of Plaintiff-Appellant Michael Skidmore (hereinafter "Plaintiff") to Amici's Motion for Leave does nothing but mischaracterize the arguments that are set forth in the motion and the brief, and it fails to present any cogent reason for which this Court should refuse to consider the motion. Accordingly, Amici respectfully request this Court to enter an Order granting their Motion for Leave to File the Amicus Brief.

## II. DISCUSSION

A. **PLAINTIFF'S ASSERTION THAT THERE IS SOME PERSON OR ENTITY THAT HAS NOT BEEN DISCLOSED IS ENTIRELY ERRONEOUS, AND MAKES NO SENSE; MOREOVER, AMICI HAVE FILED A RULE 26.1 CORPORATE DISCLOSURE STATEMENT WITH RESPECT TO THE TWO ENTITIES CONCURRENTLY WITH THIS REPLY.**

In his Opposition, Plaintiff makes the frivolous (and outrageous) assertion that counsel for Amici have intentionally failed to disclose some corporate sponsor of the amicus brief. *See* Opp. at 3. Specifically, according to Plaintiff:

> . . . Plaintiff–Appellant's counsel asked who the amicus counsel represented before the motion was filed and was only told of 9 songwriters as of October 30, 2018. Yet, when the proposed amicus was submitted six days later the brief listed 123 songwriters and two corporations. This demonstrates that, ***obviously, these songwriters were not individually sought and signed up, but instead by someone or some entity, who has not been***

2

   *disclosed.*[1]

Opp. at 3 (emphasis added).

  As set forth in the motion for leave and the amicus brief, the brief was filed on behalf of 123 songwriters, etc., who are *individuals*, as well as one trade organization that is comprised of between 4,000 and 5,000 member songwriters at any one time, and another trade organization that is comprised of over 500 member songwriters. Indeed, the amicus brief specifically states that the affiliations that were listed below the names of the individual songwriters, etc. (names of individuals' bands) were listed for identification purposes only. *See* Amicus Brief at "i." Plaintiff's assertion that there is some unidentified person or entity who should have been disclosed has no basis in fact, and is nothing more than pure (erroneous) speculation.

  Moreover, of the two trade organizations, the Nashville Songwriters Association International (hereinafter "NSAI") and the Songwriters of North America (hereinafter "SONA"), only NSAI is incorporated, and it is incorporated as a not-for-profit trade organization. SONA is not a corporation. Although Plaintiff argues that the motion for leave should be denied because the brief did not contain a Rule 26.1 Corporate Disclosure statement, the failure to include a

---

[1] Amici, frankly, do not even really know what this means.

corporate disclosure statement does not warrant denying leave to file a brief – even if the brief is by a party. See [In re Bull, 528 B.R. 473, 501 n.2 (M.D. Fla. 2015)](#) (Finding that the failure to file, among other things, a Rule 26.1 Disclosure Statement, is a slight procedural shortcoming that is insufficient to constitute a bar to the court's considering the appeal on its merits).

Nevertheless, Amici have now filed a Rule 26.1 disclosure statement, concurrently with this Reply, which confirms that neither NSAI nor SONA has a parent corporation, neither is publicly traded, and no publicly held company owns 10% or more of their stock. Again, the remainder of the Amici are individual songwriters, composers, musicians, and producers, and therefore no Rule 26.1 disclosure is needed as to these individuals. See [Fed. R. App. P. 26.1](#) and [29(a)(4)(A)](#).

## B. THE MOTION FOR LEAVE COMPLIES WITH THIS CIRCUIT'S RULE 29-2 STANDARD, AND PLAINTIFF'S ATTEMPT TO MISCHARACTERIZE AMICI'S LEGAL ARGUMENTS SHOULD BE DISREGARDED.

Plaintiff also argues that neither the motion nor the proposed brief of Amici addresses or meets this Circuit's Rule 29-2 standard. However, even a cursory

review of the motion for leave and the amicus brief demonstrates that Amici have satisfied the express requirements of Ninth Circuit Rule 29-2[2].

Significantly, however, and contrary to Plaintiff's assertions, the motion and brief also address the concerns that are set forth in the Circuit Advisory Notes to Rule 29-2, because the amicus brief seeks a rehearing en banc of *novel or particularly complex issues.*[3] First, the brief addresses the import of the panel's ruling that it was prejudicial error not to instruct that jury that the selection and arrangement of unprotectable music elements is protectable. This is a novel issue, because, under the circumstances that were presented at trial – the purported

---

[2]Pursuant to Ninth Circuit Rule 29-2(b), the motion for leave of Amici had to include the recitals set forth at FRAP 29(a)(3), which required Amici to state its interest and the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case. See *Fed. R. App. P. 29(a)(3)*. The motion also had to be accompanied by the proposed brief. *See id.* Each of these requirements was met.

[3]The Circuit Advisory Notes to Rule 29-2 provide: "Circuit Rule 29-2 only concerns amicus curiae briefs submitted to support or oppose a petition for panel or en banc rehearing and amicus curiae briefs submitted during the pendency of rehearing. *The Court considers the filing of amicus curiae briefs related to petitions for rehearing or en banc review to be appropriate only when the post-disposition deliberations involve novel or particularly complex issues.* The Court will ordinarily deny motions and disallow stipulations for leave to file an amicus curiae brief where the filing of the brief would result in the recusal of a member of the en banc court. Any member of the Court who would be subject to disqualification in light of the amicus curiae brief may, of course, voluntarily recuse, thereby allowing the filing of the amicus curiae brief. See *Circuit Advisory Note to Rule 29-2* (emphasis added).

5

selection and arrangement that was presented was simply a combination of random, unprotected elements – the panel has necessarily afforded copyright protection where none existed before, *i.e,* to the unprotected elements themselves (*e.g.*, descending chromatic scale; commonplace eighth notes) that appear in Plaintiff's song "Taurus," rather than to some *original* selection and arrangement of those elements.

Although Plaintiff attempts to mischaracterize Amici's argument here,[4] and asserts that Amici are seeking to essentially "throw out" a foundational rule of copyright law concerning the protection of a selection and arrangement "because it would be convenient for their clients," (*see* Opp. at 4), Plaintiff misses the point.

First, nothing here is "convenient" to Amici; this case, and copyright law in general, affect Amici (and all musicians) in a material way. Copyright law protects Amici's original creations so that others cannot exploit those creations without compensating Amici therefor. This is obviously very important. However, what this case does is to overprotect, *i.e.*, prohibit the use of the very building blocks that every songwriter uses in his/her creations – elements that are

---

[4] Notably absent from the Opposition of Plaintiff is any discussion regarding Amici's arguments concerning the panel's rulings that it was prejudicial to include a jury instruction that stated that "common musical elements, such as descending chromatic scales, arpeggios or short sequences of three notes" are not protected by copyright.

6

not original to anyone – so that there is very little left in the very small world of 12 notes that can be used by Amici to create their own music.

More specifically, Amici are not asking the court to eliminate the protection that is afforded to the *selection and arrangement* of otherwise unprotected elements or the jury instruction that concerns this principle; that is an accurate statement of the law. Instead, the concern of Amici is that the panel is necessarily adding copyright protection to the unprotected elements themselves (*e.g.*, descending chromatic scale; commonplace eighth notes), rather than to some *original* selection and arrangement of those elements, which is completely contrary to established copyright law. See Amicus Brief at 8.

Plaintiff also argues that the amicus brief "preposterously" claims that Plaintiff should not be able to play to the jury the song that Defendants' allegedly copied, to determine whether Defendants copied the song, and that the "trial court was the first court Appellant knows of (sic) that ever precluded a plaintiff from playing for the jury the actual song the Defendants were alleged to have had access to (sic) and copied, so that the jury could determine themselves whether Defendants copied the song." *See* Opp. at 5.

Of course, Plaintiff conveniently ignores the fact that the panel's decision in this case was the first decision to expressly (and correctly) hold definitively that,

with respect to a copyright infringement claim for a song that is governed by the 1909 Copyright Act and written prior to February 15, 1972, the protectable copyright at issue is *the deposit copy* of the composition, and not the sound recording.  See *Skidmore v. Led Zeppelin*, 2018 U.S. App. LEXIS 27680 at *31 (9th Cir. 2018) (emphasis added).  As such, the panel correctly found that a jury should only be able to hear a rendition of the sheet music that was registered with the Copyright Office – the actual *deposit copy* – and not the sound recording of the song, for the purposes of determining substantial similarity.

However, as discussed in the amicus brief, after making this ruling, the panel then found that the sound recording, while irrelevant to determining substantial similarity, should have been played to one of the defendants (Jimmy Page) in front of the jury in order to assess the defendant's credibility as to whether he had access to the plaintiff's song (in 1970).  As set forth in the brief, this new rule, *i.e.*, allowing the jury to hear the sound recording of a song that falls under the 1909 Act for the purpose of assesing credibility regarding testimony concerning access, has the practical effect of improperly expanding the scope and breadth of the copyright at issue, with literally no probative value whatsoever.

As set forth in the amicus brief: (1) in determining whether a defendant is liable for copyright infringement, a jury is not going to be able to ignore or

8

"unhear" the sound recording that it just heard for the purpose of assessing credibility, when it is deciding the issue of substantial similarity; and (2) because the sound recording for a song under the 1909 Copyright Act is not the relevant "deposit" copy, the defendant will not be allowed to defend himself by presenting expert testimony about the lack of substantial similarity between the two sound recordings.

In sum, the motion for leave and amicus brief address the effect that affording copyright protection to basic musical building blocks will have on Amici and the music community at large. They also address the effect of allowing a jury to hear a sound recording that was created before 1972 to assess credibility on the issue of *access*, when the sound recording is irrelevant as a matter of law to the issue of substantial similarity. Therefore, the motion for leave and the amicus brief comply with this Circuit's express requirements, and address issues that are both complex and novel.

### III. CONCLUSION

The Opposition of Plaintiff fails to present any compelling basis upon which to deny the motion. Accordingly, Amici respectfully request this Court to enter an order granting its Motion for Leave to file the amicus curiae brief in support of

Defendants-Appellees' Petition for Panel Rehearing and Rehearing En Banc.

Dated: November 16, 2018        Edwin F. McPherson
Tracy B. Rane
**McPHERSON RANE LLP**


By: /s/ Edwin F. McPherson
    EDWIN F. McPHERSON
    Attorneys for Amici Curiae 123
    Songwriters, Composers,
    Musicians, and Producers, the
    Nashville Songwriters
    Association International
    (NSAI), and the Songwriters of
    North America (SONA)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit, by using the appellate CM/ECF system on November 16, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: November 16, 2018         /s/ Edwin F. McPherson
                                 EDWIN F. McPHERSON