# Nos. 16-56057 & 16-56287

DATE OF DECISION: SEPTEMBER 28, 2018
JUDGES PAEZ AND IKUTA AND DISTRICT JUDGE VITALIANO

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

MICHAEL SKIDMORE,
AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST
PLAINTIFF, APPELLANT AND APPELLEE

VS.

LED ZEPPELIN, *ET AL*.
DEFENDANTS AND APPELLEES
AND
WARNER/CHAPPELL MUSIC, INC.,
DEFENDANT, APPELLEE AND APPELLANT

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. R. GARY KLAUSNER, DISTRICT JUDGE, CASE NO.15-cv-03462 RGK (AGRx)

## RESPONSE TO APPELLANT MICHAEL SKIDMORE'S
## PETITION FOR REHEARING EN BANC

PETER J. ANDERSON, ESQ.
DAVIS WRIGHT TREMAINE LLP
865 SOUTH FIGUEROA AVENUE, SUITE 2400
LOS ANGELES, CA 90017-2566
TEL.: (213) 633-6800
ATTORNEY FOR DEFENDANTS AND APPELLEES
AND DEFENDANT, APPELLEE AND APPELLANT
WARNER/CHAPPELL MUSIC, INC.

HELENE M. FREEMAN, ESQ.
PHILLIPS NIZER LLP
485 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, NY 10017
TEL: (212) 977-9700
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT AND JOHN PAUL JONES

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................1

1.  THE PANEL'S DEPOSIT COPY RULING IS MANDATED BY
    STATUTE AND CASE LAW AND CONFIRMED BY THE U.S.
    COPYRIGHT OFFICE.....................................................................3

2.  1909 ACT COPYRIGHTS ARE NOT "FEDERALIZED" COMMON
    LAW COPYRIGHTS AND ARE NOT DEFINED BY STATE LAW .........7

3.  BECAUSE THE EXCLUSIVE COPYRIGHT RIGHTS APPLY TO
    THE COPYRIGHTED WORK, THE COPYRIGHTED WORK IS
    THE WORK BY WHICH INFRINGEMENT IS DETERMINED ..............10

4.  THERE IS NO MERIT TO PLAINTIFF'S ARGUMENT THAT
    LIMITING COPYRIGHTS TO THE COPYRIGHTED DEPOSIT
    COPY DISENFRANCHISES SONGWRITERS.........................................13

5.  CONCLUSION..............................................................................15

CERTIFICATE OF COMPLIANCE.....................................................16

CERTIFICATE OF SERVICE .............................................................17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*ABKCO Music, Inc. v. LaVere*, 217 F.3d 684 (9th Cir. 2000)................. 7, 8, 12, 14

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267

   (6th Cir. 2009) ...................................................................................5, 11

*Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53 (1884) ..............................9

*Caliga v. Inter Ocean Newspaper Co.*, 215 U.S. 182 (1909)....................................5

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010) ...........8

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991) .............9

*Goldstein v. California*, 412 U.S. 546 (1973).....................................................9, 12

*La Cienega Music Co. v. ZZ Top*, 53 F.3d 950 (9th Cir. 1995)...............................8

*Merrell v. Tice*, 104 U.S. 557 (1881)......................................................................5

*Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd,*

   388 F.3d 1189 (9th Cir. 2004) .................................................................11

*Newton v. Diamond*, 388 F.3d 118 (9th Cir. 2004) ..................................................1

*Nichols v. Universal Pictures Corp.*, 45 F.2d 119 (2d Cir. 1930)..........................10

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 66 (2014) ..................................5

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018) ......................................11

*Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1986).......................................12

*Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) ........................3

*Skidmore for Randy Craig Wolfe Tr. v. Led Zeppelin*, 905 F.3d 1116

   (9th Cir. 2018) .........................................................................................3

*Societe Civile Succession Guino v. Renoir*, 549 F.3d 1182 (9th Cir. 2008)..............8

*Stewart v. Abend*, 495 U.S. 207 (1990) ..................................................................7

*The Trade–Mark Cases,* 100 U.S. 82, 25 L.Ed. 550 (1879)......................................9

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000)............................4

*Twin Books Corp. v. Walt Disney Co.*, 83 F.3d 1162 (9th Cir. 1996) .......................9

*Unistrut Corp. v. Power*, 280 F.2d 18 (1st Cir. 1960)................................................4

*Urania Found. v. Maaherra*, 114 F.3d 955 (9th Cir. 1997) ......................................9

*Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 256 P.2d 947 (1953)..................................9

*Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018) ......................................................5

**STATUTES**

**Copyright Act of 1909**

17 U.S.C. § 1 ................................................................................................4, 12

17 U.S.C. § 2 ..............................................................................................................8

17 U.S.C. § 4 ..............................................................................................................9

17 U.S.C. § 6 ..............................................................................................................7

17 U.S.C. § 10 ............................................................................................................4

17 U.S.C § 11 ........................................................................................................1, 4

17 U.S.C § 12 ............................................................................................................4

17 U.S.C § 13 ............................................................................................................4

**Copyright Act of 1976**

17 U.S.C. § 101 ........................................................................................................6

17 U.S.C. § 103 ........................................................................................................7

17 U.S.C. § 106 ......................................................................................................10

17 U.S.C. § 302 ........................................................................................................5

17 U.S.C. § 303 ......................................................................................................14

17 U.S.C. § 408 ........................................................................................................6

17 U.S.C. § 411 ........................................................................................................8

**OTHER AUTHORITIES**

COMPENDIUM OF COPYRIGHT OFFICE PRACTICES (1st ed. 1973)................................5

COMPENDIUM OF COPYRIGHT OFFICE PRACTICES (3 ed. 2017) ................................6

**TREATISES**

M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT (2018) ................................... 10

**REGULATIONS**

37 C.F.R. § 202.20 ................................................................................. 6

# **INTRODUCTION**

En banc review is appropriate and warranted as to the issues raised by the Petition of defendants below (Dkt. 73), but—although defendants do not oppose rehearing as to all issues—the panel decision properly decided the deposit copy issue challenged by the Petition of plaintiff below, Michael Skidmore.

Plaintiff sued on a federal copyright registered in the sheet music deposited in 1967 with the Copyright Office as the statutorily required "complete copy" of the musical composition, *Taurus*. Copyright Act of 1909 ("1909 Act"), 17 U.S.C. § 11. But—in an effort to create a basis to play studio and bootleg concert recordings of *Taurus* and thereby exploit jury confusion with commonplace similarities in unprotected performance elements[1]—plaintiff argued that the registered *Taurus* copyright extends to any way the composition was performed. The statute and case law do not support his position and the district court and panel properly rejected it.

Federal copyright is a creature of statute and the panel's deposit copy ruling is mandated by the applicable statute, the 1909 Act, as well as by case law interpreting that statute. Simply put, federal copyright protects the work in which federal copyright was claimed.

---

[1] *Newton v. Diamond*, 388 F.3d 1189, 1993-94 (9th Cir. 2004) (registered composition copyright protects "only . . . the song's compositional elements" "on the score" and does not extend to the performance elements).

1

Plaintiff argues that copyright under the 1909 Act merely continued and "federalized" the protection afforded by state common law copyright. He ignores the statute, misstates this Court's decisions and turns a blind eye to the fact that most states did not recognize common law copyright and others extended common law copyright beyond the Constitutional limits of federal law.

Plaintiff argues that the infringement comparison should be between the defendant's work and—instead of the plaintiff's copyrighted musical composition— recordings of performances of the plaintiff's musical composition over time. Plaintiff offers no statutory or decisional law supporting that proposition, which flies in the face of established copyright principles.

Finally, plaintiff's claim that the panel's deposit copy ruling "disenfranchises" songwriters is nonsense. The panel's deposit copy ruling does not negate the protection a registered copyright affords copyrighted works. Further, unregistered and unpublished musical compositions were automatically protected by federal law upon the January 1, 1978 effective date of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.* ("1976 Act").

The primacy of deposited sheet music is a particular application of the axiomatic principle of copyright law, applicable to all nature of works, that federal copyright protects the work in which federal copyright was claimed. That is confirmed by another axiomatic principle, that different versions of a copyrighted

work are protected, if at all, by a separate copyright. Plaintiff's arguments would, if adopted, directly conflict with those fundamental principles, the federal copyright statutes and more than a century of case law, and vastly expand a copyright's protection beyond the copyrighted work to all recorded performances and other versions of the work, no matter how different. Neither would the impact be limited to infringement actions. Works are copyrighted, assignments are given and received and contracts are entered into in reliance on the certainty that a copyright protects the copyrighted work. Plaintiff invites the Court to commit grave and fundamental error with far-reaching effects.

Rehearing is appropriate and indeed necessary, but not for the reasons plaintiff claims.

## 1. THE PANEL'S DEPOSIT COPY RULING IS MANDATED BY STATUTE AND CASE LAW AND CONFIRMED BY THE U.S. COPYRIGHT OFFICE

Federal copyright "is a creature of statute, and the only rights that exist under copyright law are those granted by statute." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 883–84 (9th Cir. 2005). Here, the panel correctly concluded, and plaintiff does not dispute, that "[b]ecause the copyright of 'Taurus' was registered in 1967, the 1909 Act applies." *Skidmore for Randy Craig Wolfe Tr. v. Led Zeppelin*, 905 F.3d 1116, 1131 (9th Cir. 2018).

The 1909 Act limited federal copyright protection to "the copyrighted work." *See, e.g.,* 17 U.S.C. § 1 (a)-(e). Under the 1909 Act, a work could secure statutory copyright either (1) by the public distribution of copies with an appropriate notice claiming federal copyright, and then "promptly" depositing two copies of the "best edition" of the published work (1909 Act, 17 U.S.C. §§ 10-11, 13), or (2) by the deposit of a "complete copy" of an unpublished work for which copyright was sought, along with an application to register copyright in that deposited work (*id.* § 12). As a result of the plain language of the 1909 Act, federal copyright is either in a work published with the required notice or in the "complete copy" of the work deposited with the Copyright Office.

No court has ever found that a federal copyright under the 1909 Act protects any work besides the work in which federal copyright was claimed. Indeed, the case law is to the contrary. For example, in *Unistrut Corp. v. Power*, 280 F.2d 18 (1st Cir. 1960), the court held that a copyright infringement claim failed because there was no evidence that the allegedly copied elements were in the plaintiff's deposit copy. *Id.* at 23. In *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000), faced with the defendants' argument that a 1909 Act registration of copyright in a musical composition was void on the ground the deposit copy was incomplete, this Court affirmed a judgment of infringement because of expert testimony that the copied material appeared in the deposit copy. *Id.* at 486; *see, also Petrella v. Metro-*

4

*Goldwyn-Mayer, Inc.*, 572 U.S. 663, 684 (2014) ("The registration mechanism . . . reduces the need for extrinsic evidence" because "both the certificate and the original work must be on file with the Copyright Office"); *Caliga v. Inter Ocean Newspaper Co.*, 215 U.S. 182, 189-90 (1909) (copyright limited to copy deposited with first registration); *Merrell v. Tice*, 104 U.S. 557, 561 (1881) (deposit copies enable others "to ascertain precisely what was the subject of copyright"); Answering & Opening Brief (Dkt. 29; "AOB") at 44-45; Warner/Chappell Reply Brief (Dkt. 51) at 4-5.

Under the 1909 Act, the Copyright Office also concluded that federal copyright "protection [in an unpublished musical composition] extends only to the material actually deposited, . . . ." COMPENDIUM OF COPYRIGHT OFFICE PRACTICES 2-183 (1st ed. 1973).[2]

While the 1976 Act provides that copyright in a work created after 1977 attaches upon creation of the work (17 U.S.C. § 302(a)), federal copyright under the 1976 Act is still limited to the work in which copyright is claimed. For example, in *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267 (6th Cir. 2009), the

---

[2]     Plaintiff relies on a footnote in *Williams v. Gaye*, 895 F.3d 1106, 1121 n. 9 (9th Cir. 2018), which suggests a lack of case law supporting that the deposit copy is the copyrighted work.    However, *Williams* did not consider the case law defendants relied upon and overlooked statutory and case law language.    Defs' FRAP Rule 28(j) Apr. 10, 2018 letter (Dkt. 68), directed to the panel majority's initial opinion, *Williams v. Gaye*, 885 F.3d 1150 (9th Cir. 2018) (the Apr. 10, 2018 letter refers to footnotes 10 and 16, which are footnotes 9 and 15 in the amended opinion).

plaintiff sued on the copyright in a musical composition created in 1982 by fixing it in a tangible medium, a phonorecord, "for the first time." 17 U.S.C. § 101 (definition of "created"). Because the plaintiff claimed copyright in that musical composition, sheet music that the plaintiff prepared later was not the copyrighted work and was irrelevant. *Id*. at 276. Also, the 1976 Act expressly authorizes the Copyright Office to accept as deposit copies identifying portions rather than complete copies of the copyright works. 17 U.S.C. § 408(c)(1). Under that authority, the Copyright Office now allows deposits of portions of sculptural or other works whose deposit is impractical, and tests whose answers and questions are secret. 37 C.F.R. § 202.20(c)(2)(vi) & (xi)(A). The fact that it took express statutory authority to permit the deposit of something less than a complete copy of the copyrighted work, and even then musical compositions are not included, confirms that the deposit copy has long been the copyrighted work. Further, in light of that new authorization, the Copyright Office only slightly qualified its view that the deposit copy is the copyrighted work. COMPENDIUM OF COPYRIGHT OFFICE PRACTICES 504.2 (3 ed. 2017) ("Ordinarily, a registration for a work of authorship only covers the material that is included in the deposit copy(ies). It does not cover authorship that does not appear in the deposit copy(ies), even if the applicant expressly claims that authorship in the application.").

Also, it is a fundamental principle of copyright that copyright protection in a version different from the copyrighted work at most results in a separate, derivative copyright protecting only any additional original, protectable material. 1909 Act, 17 U.S.C. § 6 (copyrights in arrangements and other new versions of a copyrighted work "shall not . . . be construed . . . to secure or extend copyright in such original works"); *Stewart v. Abend*, 495 U.S. 207, 234 (1990) (1909 Act copyright); *see, also* 17 U.S.C. § 103(b).[3]

It is an established principle, applicable under the 1909 Act, that a federal copyright protects the work in which the federal copyright was claimed.

## 2. 1909 ACT COPYRIGHTS ARE NOT "FEDERALIZED" COMMON LAW COPYRIGHTS AND ARE NOT DEFINED BY STATE LAW

Plaintiff misquotes this Court's decisions and ignores established law in arguing that the federal copyright in a work under the 1909 Act "federalizes" common law copyright in that work, with the scope of federal protection determined by state law.

Plaintiff states that *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684 (9th Cir. 2000), "makes it clear that a ***preexisting copyright*** simply '***received***' federal

---

[3] That black-letter copyright principle, which plaintiff ignores, is no help to him for multiple reasons, including that plaintiff's expert concluded that *Stairway to Heaven* was closer to the *Taurus* deposit than to recordings of Spirit's performances of *Taurus*. AOB at 56-57, *citing* VII–ER–1777-1778.

protection and jurisdiction with registration." Pltf's Petition (Dkt. 74) at 14 (bold and italics added by plaintiff). But *ABKCO* actually stated that <u>an "unpublished work,"</u> not a state common law copyright, received federal protection under the 1909 Act. *ABKCO*, 217 F.3d at 688.

*ABKCO* also confirms that any common law protection in a work existed only "until it was either published or until it received protection under the federal copyright scheme." *Id.* at 688, *quoting La Cienega Music Co. v. ZZ Top*, 53 F.3d 950, 952 (9th Cir. 1995). In short, claiming federal copyright in a work ended, rather than perpetuated, any common law protection. Plaintiff cites *Societe Civile Succession Guino v. Renoir*, 549 F.3d 1182 (9th Cir. 2008), but that case quotes the same language in *La Cienega*, confirming that claiming federal copyright in a work under the 1909 Act ended any common law protection. *Id.* at 1185–86. Plaintiff also cites *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010), but that case, in discussing 17 U.S.C. Section 411, only contrasted 1909 Act publication-with-notice with common law protection prior to publication. 606 F.3d at 618.

Plaintiff relies on Section 2 of the 1909 Act, but that Section confirmed that the 1909 Act did not preempt common law copyright, as the 1976 Act does. The fact that the 1909 Act allowed the existence of common law protection prior to publication or registration does not change established law that any common law

8

protection ended once the work received federal statutory copyright under the 1909 Act. *ABKCO*, 217 F.3d at 688 (common law copyright in a work continued "until it was either published or until it received protection under the federal copyright scheme"); *Urantia Found. v. Maaherra*, 114 F.3d 955, 960 (9th Cir. 1997) (same); *Twin Books Corp. v. Walt Disney Co.*, 83 F.3d 1162, 1165 (9th Cir. 1996) (same).

To support his argument that a common law copyright in an unpublished work became "federalized" upon registration under the 1909 Act, plaintiff claims that the 1909 Act did not state the scope of federal protection, leaving that to the states to determine. Pltf's Petition at 14. Actually, Section 4 of the 1909 Act states that the scope of federal protection provided by 1909 Act copyrights extends to "all the writings of an author," which, the Supreme Court explained long before the 1909 Act, means works with originality. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991), *citing The Trade–Mark Cases,* 100 U.S. 82, 25 L.Ed. 550 (1879); *Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53 (1884).

Neither does plaintiff provide any authority for his claim that in adopting the 1909 Act, Congress ceded to the states the power to determine the scope of federal copyright protection. On its face, that claim is outlandish. Moreover, plaintiff ignores that "most" states did not even grant common law protection. *Goldstein v. California*, 412 U.S. 546, 558 (1973). Other states granted common law protection beyond the Constitutional power of Congress under the copyright clause to protect

9

"writings." *Compare Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 788, 256 P.2d 947, 955 (1953) (explaining that prior California law protected ideas), *with Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 120 (2d Cir. 1930) (federal copyright never protects ideas); 1 M. Nimmer & D. Nimmer, Nimmer on Copyright § 2.02[B] (2018) ("The constitutional requirement that a work be fixed in tangible form in order to constitute a writing is not, of course, applicable to common law copyright"). Under plaintiff's view of the law, a work created in a state without common law protection would have a 1909 Act copyright providing no protection, while a work created in another state would have a 1909 Act copyright that exceeded Congress' power under the Constitution. That simply is not and has never been the law.

It has long been settled that obtaining a copyright under the 1909 Act terminated, rather than preserved or "federalized," any common law protection a state might have granted the work.

## 3. BECAUSE THE EXCLUSIVE COPYRIGHT RIGHTS APPLY TO THE COPYRIGHTED WORK, THE COPYRIGHTED WORK IS THE WORK BY WHICH INFRINGEMENT IS DETERMINED

Plaintiff does no better in arguing that the infringement comparison should be between the defendant's work and—rather than the plaintiff's copyrighted work— studio and bootleg recordings of the way that some have performed the plaintiff's work.

Both the 1909 Act and the 1976 Act grant exclusive rights in "the copyrighted work." *See above* at 4-6; 17 U.S.C. § 106 (exclusive rights in "the copyrighted work"). Determining whether a defendant's work infringes an exclusive right in "the copyrighted work" necessarily turns on a comparison of the two. *See, e.g., Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117–18 (9th Cir. 2018) (discussing comparison of copyrighted photograph and defendant's work). The existence of other versions of the copyrighted work does not change that the copyright in a copyrighted work protects only the copyrighted work. *See above* at 7.

Plaintiff cites *Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd,* 388 F.3d 1189 (9th Cir. 2004), for the proposition that a musical composition is the "musical elements that appear every time the song is played/performed." Pltf's Petition at 17. Even if correct, that does not change the established principle that a copyright protects only the copyrighted work. Further, in *Newton* the district court actually stated that a musical composition is "the generic sound" of the "music in written form," and not the "sound produced by the performer's rendition of the musical work." 204 F. Supp. 2d at 1249-50.

Plaintiff also cites *Bridgeport Music.*, 585 F.3d 267, for the proposition that a sound recording is "unimpeachable evidence" of the composition embodied in the sound recording. Pltf's Petition at 18 n. 7. But in *Bridgeport Music* the musical composition was copyrighted under the 1976 Act when it was first fixed in a tangible

11

medium, in that case by the first recording of its performance. *See above* at 5-6. Under the 1909 Act, however, copyright in an unpublished musical composition was secured by filing a claim to copyright in the accompanying deposited sheet music. Prior or subsequent performances, whether or not recorded, do not prove the content of the sheet music in which copyright was claimed. *See, e.g., Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1986) (1976 Act; plaintiff's recreations of deposit copy inadmissible to prove the copyrighted work).

Finally, plaintiff cites *Goldstein*, 412 U.S. 546, for the proposition that under Section 1(e) of the 1909 Act, sound recordings are deemed "copies" of the musical compositions they embody. Pltf's Petition at 18 n. 7. However, *Goldstein* confirmed "the intent of Congress in the 1909 Act was not to accord recordings the same copyright status as a written score, but 'only to establish the limits of *the composer's* right'" to control recordings. *ABKCO*, 217 F.3d at 688, *quoting Goldstein*, 412 U.S. at 566 (emphasis in original); Warner/Chappell Reply Brief at 9-10.

Plaintiff claims that the studio and bootleg recordings he wanted to offer in lieu of the copyrighted deposit copy, include performances of *Taurus* as it is transcribed in the deposit copy. While that is not true (*see above* at 7 n. 3), even if it were it would not change that the copyrighted work is the deposit copy. Moreover, many songwriters whose musical compositions were copyrighted under the 1909 Act were not also performers. It would make no sense to determine their copyrighted

musical compositions not by the sheet music they deposited, but by how others, including complete strangers, performed the compositions.

Plaintiff's argument would unmoor copyright claims from infringement by copying a specific, registered work, and extend copyright claims to the alleged copying of other, unregistered versions as they may have been performed over time. That result is contrary to the Copyright Acts, which provide protection only in the copyrighted work, and is not supported by the case law.

## 4. THERE IS NO MERIT TO PLAINTIFF'S ARGUMENT THAT LIMITING COPYRIGHTS TO THE COPYRIGHTED DEPOSIT COPY DISENFRANCHISES SONGWRITERS

Plaintiff claims "dire consequences" if musical composition copyrights are limited to the copyrighted deposit copies. However, he fails to explain how the panel's ruling undercuts any federal copyrights secured under the 1909 Act. Instead, the ruling leaves intact federal protection of all works—including musical compositions—for which federal copyright was claimed.

Plaintiff argues that "corporate types" prepared deposit copies, implying the deposit copies they prepared are deficient. But copyrights were typically registered by music publishers who had both expertise in doing so and every incentive to prepare deposit copies that captured the original elements of musical compositions. Indeed, the *Taurus* deposit copy is marked "rev.," presumably meaning revised,

13

confirming care was taken in preparing it. Defs' Petition (Dkt. 73) at 25, Appendix 1. Deposit copies can be brief and still contain the original melody and other elements in which copyright protection was claimed.

In addition, unpublished musical compositions not registered for federal copyright as of January 1, 1978 have been automatically protected by federal copyright since that date. 17 U.S.C. § 303(a) ("Copyright in a work created before January 1, 1978, but not theretofore in the public domain or copyrighted, subsists from January 1, 1978, and endures for the term provided by section 302"). Since the public distribution of phonorecords is not a publication (17 U.S.C. § 303(b); *ABKCO*, 217 F.3d at 688-92), this automatic protection extends to unregistered musical compositions embodied in phonorecords sold to the public.

Plaintiff's comparison of the deposit copy and fully scored sheet music for *Stairway to Heaven* also misses the mark. Contrary to his assertion, the *Stairway to Heaven* deposit copy does include the music in the beginning of the Led Zeppelin recording of *Stairway to Heaven*; that music just is not in the beginning of the deposit copy. Also, comparing the *Stairway to Heaven* deposit copy to the fully scored sheet music compares apples to oranges. The fully scored sheet music was prepared solely for this litigation to demonstrate that the allegedly copied material is only a small fraction of the *Stairway to Heaven* recording. As a result, it includes not only the

underlying musical composition in the deposit copy, but every recorded performance element and sound.

*Stairway to Heaven* also demonstrates that plaintiff's warning of disaster is wrong. The guitar solo in the studio recording of *Stairway to Heaven* is not included in the deposit copy, but is plainly original and protectable material. Because it is substantial original material beyond the *Stairway to Heaven* deposit copy, and because distribution of the studio recording did not publish it, the guitar solo became protected by federal copyright on the earlier of January 1, 1978 or the first public distribution of copyrighted sheet music with the guitar solo.

The panel's ruling on the deposit copy issue is correct and does not strip any work of copyright protection.

## 5. **CONCLUSION**

Rehearing should be granted because of the substantial and important issues raised by defendants' Petition. However, plaintiff's claim of error is incorrect.

Respectfully submitted,

Dated: December 10, 2018      _____ /s/ Peter J. Anderson _____
Peter J. Anderson, Esq.
DAVIS WRIGHT TREMAINE LLP


Helene M. Freeman, Esq.
PHILLIPS NIZER LLP

15

## **CERTIFICATE OF COMPLIANCE**

This Petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(c)(2) and Circuit Rule 40(a)(1) and this Court's November 19, 2018 Order (Dkt. 83), because this Petition is in a proportionally spaced typeface of 14 points and does not exceed fifteen pages.

Dated: December 10, 2018                 _____/s/ Peter J. Anderson_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this Petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on December 10, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

Dated: December 10, 2018 _____/s/ Peter J. Anderson_____