# Nos. 16-56057 & 16-56287

======================================================

## UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

_____

MICHAEL SKIDMORE, AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST,
*Plaintiff/Appellant/Appellee*

v.

LED ZEPPELIN, *et al.*,
*Defendants-Appellees*

AND

WARNER/CHAPPELL MUSIC, INC.,
*Defendant-Appellee-Appellant*

_____

*On Appeal from the United States District Court
For the Central District of California
Case No. 2:15-cv-03462-RGK(AGRx)
Hon. R. Gary Klausner, District Court Judge*

======================================================

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF MUSICOLOGISTS IN SUPPORT OF DEFENDANTS-APPELLEES AT *EN BANC* REHEARING

**Kenneth D. Freundlich
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
(310) 275-5350**
*Counsel for Amici Curiae*

July 19, 2019

1

## I.   INTRODUCTION

On July 1, 2019, fourteen (14) musicologists filed a Brief of Amicus Curiae in Support of Defendants/Appellees at *En Banc* Rehearing ("Amicus Brief") together with their Motion for Leave to File the Amicus Brief. Dkt. Nos. 103-04.

The Amicus Brief expresses musicologists' concern that the Ninth Circuit panel decision threatens to create paralyzing uncertainty for composers as to the legality of their use of basic musical elements and conventions. An incorrect decision could ultimately cripple the public domain, which has fostered since time immemorial the development of a corpus of American popular music unparalleled in its depth and diversity.

Presenting the independent views of this group of experienced musicologists, this Amicus Brief was offered to assist the Court in its *en banc* review of the decision below as it pertains to the panel's ruling concerning the "selection and arrangement" instruction to the jury. Amici are concerned that an unprecedented and overbroad "selection and arrangement" jury instruction would encourage musicologists to cherry-pick unrelated, commonplace elements readily found between

two musical compositions, by which to cozen juries on the question of similarity of protected musical expression.

Plaintiff/Appellant's Opposition (Dkt. No. 106) first calls into question Amici's integrity by insinuating, without any factual basis, that Amici have undisclosed financial interests in this matter. As set forth below, there is no truth to this insinuation, which is both insulting and frivolous. The Plaintiff/Appellant's Opposition then deliberately mischaracterizes Amici's arguments and presents groundless rebuttals to them.

Accordingly, Amici respectfully renew their request that this Court enter an Order granting their Motion for Leave to File the Amicus Brief.

## II.   AMICI HAVE FULLY COMPLIED WITH FRAP 29(a)(3) AND NINTH CIRCUIT RULE 29-2

In the Motion for Leave and the Amicus Brief, Amici fully stated their interest in this matter: to inform the Court's understanding of music theory and composition, as these areas relate to an "extrinsic test" jury instruction. Amici have submitted their nonpartisan, independent, views based on their individual and collective experiences, solely to assist this Court in this *en banc* hearing.  The Amicus Brief

was submitted strictly in accordance with the Ninth Circuit Rules and the FRAP requirement for a statement that "no party's counsel authored the brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting the brief and no person and entity – other than the amicus curiae, its members or its counsel – contributed funds for preparing or submitting the [Amicus] Brief."

Plaintiff/Appellant has attempted to besmirch Amici by stating, without any evidence, that Amici are ultimately seeking to benefit "professionally and/or financially – especially when working for deep-pocketed record companies and successful recording artists," by the outcome in this case. Plaintiff/Appellant then requests that the Court require each of the Amici who have served as experts to submit names of clients and cases in which they have participated (many of which are confidential).

There is no basis for this *ad hominem* attack, or Plaintiff/Appellant's demand for disclosures beyond those required by the FRAP and Ninth Circuit Rules.

### III. PLAINTIFF/APPELLANT'S CHALLENGE TO THE MUSICAL AND LEGAL SUBSTANCE OF THE AMICUS BRIEF UNDERSCORES THE REASONS WHY THIS COURT SHOULD ORDER THAT IT BE FILED

The remainder of Plaintiff/Appellant's opposition is simply an attempt to counter Amici's substantive musical and legal arguments. The Plaintiff/Appellant's frantic effort to suppress Amici's arguments underscores the potential significance of this Amicus Brief in promoting a legally correct resolution of this dispute, and why the Court should permit the Amicus Brief to be filed.

*First*, Plaintiff/Appellant argues that because Amici have not addressed the "Deposit Copy Issue," the Brief should not be accepted. The Amicus Brief focusses on "selection and arrangement" issues. The Court's ruling regarding the scope of the *en banc* hearing makes plain that "the entire case" is up for review. Dkt. No. 89. Whether Amici address every issue on *en banc* review is, of course, legally irrelevant as to whether the Court should grant the Motion for Leave to File the Amicus Brief.

*Second*, Plaintiff/Appellant takes issue with the Amicus Brief's references to the so-called *Blurred Lines* case, *Williams v. Gaye*, Case No. 15-56880, Nos. 16-55089 and 16-55626 (consolidated) and any

comparisons between this case and *Blurred Lines*. In fact, the *Blurred Lines* case is highly relevant to the disposition of the instant case in that the majority and dissent dealt with what constituted "protectable expression" in the context of music. Plaintiff/Appellant's objection is simply argument in disagreement with Amici's statements. If the Court were to deem it appropriate, Amici would address any references to *Blurred Lines* at the *en banc* hearing.

*Third*, Plaintiff/Appellant claims that Amici have confused the issues of originality and novelty. Amici are genuinely bewildered by this claim -- a non sequitur at best. Amici have not argued for any novelty standard but rather for this Court's attention to what is and is not protectable expression in the
music at issue in this case.

*Fourth*, Plaintiff/Appellant challenges the Amicus Brief because the brief does not address the opinions of Plaintiff/Appellant's expert, Dr. Stewart. That is simply untrue; the core of the Amicus Brief presents the Amici-musicologists' analysis of "Taurus" and "Stairway to Heaven." The Amici-musicologists' views coincide with the testimony of Defendant's expert Dr. Ferrara's and not with Dr. Stewart's. The

6

tension between these views is at the heart of this *en banc* proceeding with respect to a "selection and arrangement" instruction and is the very reason why fourteen (14) independent musicologists have submitted this Amicus Brief.

*Finally*, Plaintiff/Appellant challenges Amici's brief mention of "thin" copyright and its relevance to the "selection and arrangement" instruction. As evidenced from the spirited debate on this question, the issue is ripe for *en banc* review. Amici believe their views on this issue may aid this *en banc* Court. Amici are independent musicologists whose only goal in this Amicus Brief is to help sustain a robust public domain essential to the vitality of American songwriters.

## IV. <u>CONCLUSION</u>

Plaintiff/Appellant has given no valid reason why Amici's Motion to File the Amicus Brief should be denied. In fact, the Opposition underscores the importance of the Court's consideration of Amici's nonpartisan views on the musical issues in this case. Accordingly, Amici respectfully request this Court enter an order grating Amici's Motion for Leave to File the Amicus Brief in support of Defendants-Appellees at rehearing *en banc*.

Dated: July 19, 2019         **FREUNDLICH LAW**
<u>s/ Kenneth D. Freundlich</u>
Kenneth D. Freundlich*Attorneys for Amici Curiae*

# **CERTIFICATE OF SERVICE**

I, Kenneth D. Freundlich, a member of the Bar of this Court, hereby certify that on July 19, 2019, I electronically filed the foregoing *REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF MUSICOLOGISTS IN SUPPORT OF DEFENDANTS-APPELLEES AT EN BANC REHEARING* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                       _s/ Kenneth D. Freundlich