Nos. 16-56057 & 16-56287

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust,
*Plaintiff, Appellant and Appellee,*

v.

Led Zeppelin *et al.*,
*Defendants and Appellees*, and
Warner/Chappell Music, Inc.,
*Defendant, Appellee and Appellant.*

On Appeal from the United States District Court
for the Central District of California
The Honorable R. Gary Klausner
No. 15-cv-03462 RGK (AGRx)

**Motion for Leave to File Brief *Amici Curiae* of
the Recording Industry Association of America and
the National Music Publishers' Association
in Support of Defendants-Appellees on *En Banc* Rehearing**

Danielle M. Aguirre
Erich C. Carey
Nat'l Music Publishers' Ass'n
975 F St. NW #375
Washington, DC 20004
(202) 393-6672
daguirre@nmpa.org
ecarey@nmpa.org
*Counsel for NMPA*

Eugene Volokh
Mayer Brown LLP
350 S. Grand Ave. #2500
Los Angeles, CA 90071
(310) 206-3926
evolokh@mayerbrown.com
*Counsel for RIAA*

# MOTION

1. This Court previously granted *amici* RIAA and NMPA's motion for leave to file an amicus brief in support of defendants/appellees' petition for rehearing *en banc*. However, *amici* did not fully appreciate the need to re-file their *amicus* brief after rehearing was granted so that the *en banc* Court could consider it in its deliberations. The Motion of 123 Songwriters, Composers, Musicians, and Producers, along with NSAI and SONA, filed the day before yesterday, focused *amici*'s attention on this issue, and leads *amici* to ask this Court's leave to re-file their earlier brief (with minor wording changes that simply reflect the changed procedural posture).

2. Defendants-appellees' counsel have consented to the filing of this brief, but plaintiff-appellant's counsel have declined to consent, and stated that they "will leave it to the Court's discretion."

3. The RIAA is a nonprofit trade organization representing the American recording industry. RIAA members create, manufacture, and distribute approximately 85% of all legitimate recorded music produced and sold in the United States. The RIAA works to protect the intellectual property and First Amendment rights of artists and

music labels, and promotes the ability of the record industry to invest in new artists and new music. The RIAA's members depend on copyrights to protect the valuable performances embodied in sound recordings in which they have invested and created in collaboration with musicians, songwriters, and other artists.

Founded in 1917, the National Music Publishers' Association (NMPA) is the principal trade association representing the U.S. music publishing and songwriting industries. Its membership consists of hundreds of music publishers who own or administer the vast majority of musical compositions licensed for commercial use in the United States.

4. Both the RIAA and the NMPA, and their many members, have a shared interest in protecting copyrighted works and in helping copyright law develop in ways that clarify the law's boundaries. Indeed, the RIAA and the NMPA are in an unusually good position to argue how the decision in this case will affect composers, recording artists, music publishing companies, and record companies.

5. For this reason, proposed *amici* believe that their brief would be useful to this Court's deliberations, and they therefore seek this Court's leave to re-file the brief.

Respectfully Submitted,

s/ Eugene Volokh
Attorney for RIAA

s/ Erich C. Carey
Attorney for NMPA

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Motion for Leave to File Brief *Amici Curiae* with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2019.

All participants in the case are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated: August 1, 2019

s/ <u>Eugene Volokh</u>