UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 16-56057; 16-56287

———————

SKIDMORE

*Michael Skidmore, Trustee for the
Randy Craig Wolfe Trust
Plaintiff-Appellant/Cross Appellee*

v.

LED ZEPPELIN *ET AL.*

*Defendants-Appellees*

and

WARNER/CHAPPELL MUSIC, INC.

*Defendant, Cross Appellant*

———————————————

APPELLANT SKIDMORE'S MOTION TO PLAY AUDIO

———————————————————

(Music copyright infringement, on appeal from the final Order dated June 23, 2016 of the Honorable R. Gary Klausner, of the United States District Court for the Central District of California. The case was docketed in the Central District at 15-cv-03462)

———————————————————

Francis Alexander, LLC
Francis Malofiy, Esquire
Alfred Joseph (AJ) Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyers for Michael Skidmore*

Plaintiff Michael Skidmore (Appellant and Cross-Appellee), as Trustee for the Randy Craig Wolfe Trust ("Skidmore" or "Plaintiff"), hereby moves for permission to play certain audio exhibits for the Court in this music copyright infringement action.

The exhibits that will be played were transmitted to the Court with Dkt Entry 14:

**Audio Exhibit 7:**
Stairway to Heaven (0 seconds – 25 seconds)

**Audio Exhibit 8:**
Taurus (45 seconds – 1 minute, 13 seconds)

**Audio Exhibit 9:**
8 measures of Stairway from note 1 of the acoustic guitar, repeated multiple times

**Audio Exhibit 10:**
8 Measures of Taurus from note 1 of the acoustic guitar, repeated multiple times

**Audio Exhibit 11:**
8 measures of Stairway and Taurus played together from note 1 of the acoustic guitar, repeated multiple times

The crucial issue in this appeal is whether the copyright infringement comparison should use the full composition of "Taurus" as it was composed by Randy Wolfe and copied by defendant Jimmy Page, or the incomplete deposit copy which was later created by Wolfe's publisher specifically for the registration (which Page never saw or knew about).

Appellant Skidmore will not recap the legal arguments at issue here, but notes that Led Zeppelin only wants the deposit copy to be used because they will lose the case if the full composition of "Taurus" is used. This is because the full composition of "Taurus," as created and featured on the *Spirit* album, is the composition that Page owned and copied (and which is strikingly similar to "Stairway to Heaven"); Page admitted he never saw the deposit lead sheet outline of "Taurus" in the Copyright Office, nor did any member of Led Zeppelin, Spirit, or Randy Wolfe.

It is thus critical that the Court hear the complete composition of "Taurus" copied by Page compared to the relevant portion of "Stairway to Heaven" so the assembled jurists can hear the salient comparison that Led Zeppelin wants kept from the jury. Note also that Led Zeppelin and its allies are arguing, incorrectly, that only virtually identical songs can be infringing—the comparison to be played will show that the two songs are in fact virtually identical.

Lastly, the Court also needs to hear the comparison audio in light of Appellant's Three Boys Music prejudice argument. See Three Boys Music Corporation v. Bolton, 212 F.3d 477, 486-87 (9th Cir. 2000) (stating that inaccuracies in the deposit copy should be disregarded if no prejudice to defendants). Even if the Court credits Led Zeppelin's argument that the scope of a song's protected composition should be limited to the deposit copy, Appellant is arguing that where deposit copies are incomplete or erroneous, the full composition should be used if it

is determined there would be no prejudice to the defendants to disregard the incompleteness of the deposit. See DktEntry 18, at p.35; DktEntry 149, at p.14.

The audio to be played will show that there can be no prejudice to the Led Zeppelin defendants because the full composition of "Taurus" Appellant wants used is in fact the composition that defendant Page actually copied (and is strikingly similar to Page's song). Page never heard and did not copy the deposit lead sheet the Led Zeppelin defendants bizarrely want used for the comparison.

Note that Appellant Skidmore will be playing the audio on a handheld cell phone that has a speaker capable of playing the audio at an acceptable volume.

*Respectfully submitted,*

*/s/ Francis Malofiy*
Francis Alexander, LLC
Francis Malofiy
Alfred Joseph Fluehr
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

September 13, 2019

## Certificate of Filing and Service

Counsel was served via CM/ECF which constitutes service, pursuant to Fed. R. App. P. 25(c)(2) and Ninth Circuit Rule 25-5(g), to all registered CM/ECF users:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

Eugene Volokh
Mayer Brown LLP
350 S. Grand Ave. #2500
Los Angeles, CA 90071
T: (310) 206-3926
E: evolokh@mayerbrown.com
*Counsel for RIAA*

Danielle M. Aguirre
Erich C. Carey
Nat'l Music Publishers' Ass'n
975 F St. NW #375
Washington, DC 20004
T: (202) 393-6672
E: daguirre@nmpa.org
E: ecarey@nmpa.org
*Counsel for NMPA*

Edwin F. McPherson
Tracy B. Rane
McPherson Rane LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2326
T: (310) 553-8833

E: emcpherson@mcphersonrane.com
E: trane@mcphersonrane.com
*Attorneys for 123 Songwriters, NSAI, and SONA*

Kenneth D. Freundlich, Esquire
Freundlich Law
16133 Ventura Blvd. | Ste. 645
Encino, CA 91436
T: (310) 275-5350
*Counsel for Musicologists Amici Curiae*

Professor Mark A. Lemley, Esquire
Stanford Law School
559 Nathan Abbott Way
Stanford, California 94305
T: (650) 723-4605
E: mlemley@law.stanford.edu
*Counsel for Amici Curiae, 19 Intellectual Property Professors*

Scott R. McIntosh, Esquire
Daniel Tenny, Esquire
Civil Division, U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7215
Washington, DC 20530
T: (202) 514-1838
*Attorney for United States of America*

W. Michael Hensley
AlvaradoSmith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
T: (714) 852-6835
E: mhensley@alvaradosmith.com
*Counsel for Structured Asset Sales, LLC
and the Pullman Group, LLC*

*Respectfully submitted,*

*/s/ Francis Malofiy*

Francis Alexander, LLC
Francis Malofiy
Alfred Joseph (AJ) Fluehr
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005

E: francis@francisalexander.com

*Attorneys for Michael Skidmore*

<u>September 13, 2019</u>