# Nos. 16-56057 & 16-56287

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

MICHAEL SKIDMORE,
AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST
PLAINTIFF, APPELLANT AND APPELLEE

vs.

LED ZEPPELIN, *ET AL.*
DEFENDANTS AND APPELLEES
AND
WARNER/CHAPPELL MUSIC, INC.,
DEFENDANT, APPELLEE AND APPELLANT

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. R. GARY KLAUSNER, DISTRICT JUDGE, CASE NO.15-cv-03462 RGK (AGRx)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO PLAY AUDIO RECORDINGS AT ORAL ARGUMENT

PETER J. ANDERSON, ESQ.
DAVIS WRIGHT TREMAINE LLP
865 SOUTH FIGUEROA, SUITE 2400
LOS ANGELES, CA 90017-2566
TEL.: (213) 633-6800
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE *ET AL.* AND
DEFENDANT, APPELLEE AND APPELLANT
WARNER/CHAPPELL MUSIC, INC.

HELENE M. FREEMAN, ESQ.
PHILLIPS NIZER LLP
485 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, NY 10017
TEL: (212) 977-9700
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT AND JOHN PAUL JONES

Defendants respectfully submit this Response to plaintiff's Motion for leave to play audio recordings at oral argument (Dkt. Entry 156).

Plaintiff provides several arguments to support his contention that it is important that the Court hear the audio recordings. Pltf's Motion at 2-4.[1] However, he also states that the audio recordings are among those he transmitted to the Court. Id. at 2 (apparently intending to refer to Dkt. Entry 39). Because it is safe to assume that the Court is familiar with the record on appeal and will listen to the audio recordings if they deem it appropriate, there is no need for the spectacle of plaintiff playing audio recordings on a cell phone at oral argument. Pltf's Motion at 4. For that reason alone, plaintiff's Motion should be denied.

There also is no substance to plaintiff's arguments for why the audio recordings are important.

Plaintiff first argues that it is "critical that the Court hear the complete composition of *Taurus* as recorded in a studio by Spirit because that studio recording and the "relevant portion" of *Stairway to Heaven* "are in fact virtually identical." Pltf's Motion at 3. However, plaintiff sued on the copyright in the *Taurus* deposit copy, not any copyright in the studio recording or its version of *Taurus*. Further,

---

[1] Because plaintiff's Motion does not include page numbers, this Response's citations to his Motion are to the page of the PDF copy filed with the Court.

rather than "the complete composition of *Taurus* as recorded in a studio by Spirit," plaintiff seeks leave to play only a twenty-eight second portion, omitting the studio recording's first forty-five seconds and last minute and twenty-five seconds, both of which are completely different from *Stairway to Heaven*. Id. at 2 (plaintiff's description of Audio Exhibit 8); Audio Exhibit 32 (complete album recording of *Taurus*) Dkt. Entry 39 at 4. And the twenty-eight second portion plaintiff seeks to play is neither virtually identical nor substantially similar to *Stairway to Heaven* under the extrinsic test. Defs' proposed Combined Reply (Dkt. Entry 155) at 3.

Plaintiff's argument that the recordings sound alike skips over the extrinsic test to a subjective intrinsic test and relies on the recordings' performance elements and the fact they both include a finger-picked acoustic guitar playing a descending chromatic scale. Id. at 20-21. Plaintiff also ignores that there are multiple compositions predating *Taurus* that include finger-picked guitars playing descending chromatic scales and sound alike. *See, e.g., To Catch a Shad* (1963), Defs' Audio Exhibit 2961 (Dkt. Entry 38 at 1); V–ER–1109:2-17, 1209:12-1210:9; Davey Graham, *Cry Me A River* (1963) at 0:19; Exhibit 2092 at 2092-5 at 7-8, ¶¶ 17-18 & Musical Example 13 (Dkt. Entry 38 at 1).

Finally, plaintiff argues that the Court "needs to hear the comparison audio"—that is, a "mash-up" of portions of *Taurus* and *Stairway to Heaven*—because if a deposit copy is "incomplete or erroneous the full composition should be used . . . ."

2

Pltf's Motion at 3-4.  However, plaintiff never claimed, let alone presented any evidence, that Hollenbeck Music intended to register copyright in something other than the *Taurus* sheet music that it deposited.  To the contrary, the *Taurus* sheet music is signed "B. Hansen," indicates it was revised at least once, and plaintiff submitted Barry Hansen's declaration on other issues without ever claiming an error in the deposit.  X–ER–2526.  In addition, mash-ups are a musical parlor trick rather than an accepted musicological practice and rely on the confusion caused by performance elements plus the fact that the human brain seeks patterns or cohesion when sounds are overlaid.  III–SER–577:9-578:9; D. Begault, H. Heisse & C. Peltier, *Forensic Musicology – An Overview* at 3 (2013) ("Established psychoacoustic investigations of auditory scene analysis demonstrate that the cognitive process of listening includes forming meaningful patterns from disparate signals").

Plaintiff's Motion for leave to play at oral argument audio recordings already transmitted to the Court should be denied.

                                                       Respectfully submitted,

Dated: September 16, 2019            /s/ Peter J. Anderson
                                          Peter J. Anderson, Esq.
                                            DAVIS WRIGHT TREMAINE LLP

                                            Helene M. Freeman, Esq.
                                            PHILLIPS NIZER LLP

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this Petition with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on September 16, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

Dated: September 16, 2019            /s/ Peter J. Anderson