**No. 16-56057, No. 16-56287**
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Michael SKIDMORE, AS TRUSTEE FOR the RANDY CRAIG WOLFE TRUST,

          *Plaintiff-Appellant*,

v.

LED ZEPPELIN, et al.,

          *Defendant-Appellee*

On Appeal from the United States District Court
for the Central District of California
No. 15-cv-03462 RGK (AGRx)
Hon. R. Gary Klausner

**MOTION FOR LEAVE TO FILE *AMICUS* BRIEF
BY THE CALIFORNIA SOCIETY OF ENTERTAINMENT LAWYERS IN
SUPPORT OF APPELLANT**

Steven T. Lowe
LOWE & ASSOCIATES P.C.
8383 Wilshire Blvd.
Suite 1038
Beverly Hills, CA 90211
Tel: (310) 477-5811

*Counsel for Amicus Curiae, The California
Society of Entertainment Lawyers*

# INTRODUCTION

The California Society of Entertainment Lawyers ("CSEL") respectfully moves the Court for leave to file the proposed amicus brief that accompanies this motion.

On August 30, 2019, CSEL, by and through its President, Steven T. Lowe ("Lowe"), contacted Francis Malofiy, attorney for Plaintiff-Appellants, in order to obtain consent to file an amicus brief. Counsel for Plaintiff-Appellant consented. On September 15, 2019, Lowe contacted and spoke to counsel for Defendants-Appellees, Peter Anderson, to request the consent of Defendants-Appellees to the filing of an amicus brief by CSEL. Mr. Anderson responded on September 16, 2019 to the effect that Defendant-Appellees oppose this motion as untimely (without citing any authority for that proposition). Given the importance of the issues before the court, CSEL respectfully requests that the Court permit the filing of the CSEL amicus brief.

### 1. Movant's Interest

CSEL is a non-profit, corporation/professional organization of attorneys representing authors, screenwriters, songwriters, and other creators of intellectual property in the entertainment industry, including television, film, and music. As such, CSEL has a compelling interest in the law relating to copyrights in musical

1

compositions, novels, screenplays, film and television treatments, and other artistic works, and in the legal standard for determining infringement of copyrights. Its members have determined that the correct application of the "Selection and Arrangement" test mandated by the U.S. Supreme Court in *Fiest Publications, Inc. v. Rural Telephone Service Co.*, 499 US 340 (1991) and by the Ninth Circuit in numerous cases is of paramount public interest given the importance of the entertainment industry in California.

**2. Reason *Amicus* Brief is Desirable**

This Court once described itself as "delv[ing] once again into the turbid waters of the 'extrinsic test' for substantial similarity under the Copyright Act." *Metcalf v. Bocho*, 294 F.3d 1069, 1071 (9th Cir. 2002) (Kozinski, J.). In his treatise, Professor Nimmer uses the term "elaborate metaphysics" to describe the Ninth Circuit's jurisprudence on substantial similarity. 4 Nimmer on Copyright §13.03 [E][3][b] (2019).

No less a figure than Judge Learned Hand wrestled with the question of how similar two works must be in order to sustain a cause of action for infringement in a series of opinions spanning 30 years. See, *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) (explaining the famous "abstractions test[.]") Ultimately, Judge Hand acknowledged that specificity was all but impossible,

2

"[t]he test for infringement of a copyright is of necessity vague… Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). However, Judge Hand was adamant that "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F. 2d 49, 56 (2d Cir. 1936).

The proposed amicus brief seeks to bring clarity to what are widely acknowledged to be difficult and "turbid waters." The brief makes what CSEL hopes will be received as of substantial assistance to the Court regarding how the law should be applied in the present case.

Thus, CSEL's participation and submission of a brief would be in keeping with the usual role for an *amicus curiae*, a term that "has traditionally been used to describe one who, for the benefit and assistance of the court, informs it on some matter of law with regard to which the court may be doubtful or mistaken." 20A-329 *Moore's Federal Practice* - Civil § 329.11; citing *inter alia, New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n.3 (1st Cir. 1979) (amicus curiae is a nonparty who provides information on some matter of law with regard to which court is doubtful or mistaken); *see also Funbus Systems, Inc. v. California PUC*, 801 F.2d 1120, 1124-25 (9th Cir. 1986)

(permissible for amicus to take legal position and present legal arguments in support of that position).

The proposed amicus brief first addresses the significance and application of the *Fiest* selection and arrangement principle and how its application to not only musical infringement cases, but copyright cases in general, is a well-established legal precedent. Next, the brief reiterates that this principle is applied absolutely, and is not altered by the type of work at issue. Finally, the brief confirms that musical compositions are always subject to broad copyright protection wherein **all** elements are included in the analysis.

**3. Why the Matters Briefed are Relevant to This Case**

As relevant to the instant case, CSEL is concerned with the jury instruction the District Court provided for determining objective similarity under the extrinsic test, which was, of course, an important issue in the appeal before this Court. Indeed, CSEL believes that in this case, as in many copyright infringement cases, the application of the proper legal standard for substantial similarity is outcome determinative. Thus, CSEL believes that the previous Ninth Circuit opinion finding reversible error in failing to instruct the jury on the application of the selection and arrangement test should be upheld. *See, Skidmore v. Led Zeppelin*, 905 F.3d 1116 (9th Cir. 2018).

For all of the foregoing reasons, CSEL respectfully requests that the Court receive the proposed amicus brief accompanying this motion.

Respectfully submitted,
DATED: September 16, 2019

>*/s/ Steven T. Lowe*
>Steven T. Lowe
>LOWE & ASSOCIATES
>8383 Wilshire Blvd.
>Suite 1038
>Beverly Hills, CA 90211
>steven@lowelaw.com
>Tel: (310) 477-5811
>
>*Counsel for Amicus Curiae,*
>*The California Society*
>*of Entertainment Lawyers*