**No. 16-56057, No. 16-56287**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Michael SKIDMORE, AS TRUSTEE FOR the RANDY CRAIG WOLFE TRUST,

*Plaintiff-Appellant*,

v.

LED ZEPPELIN, et al.,

*Defendant-Appellee*

On Appeal from the United States District Court
for the Central District of California
No. 15-cv-03462 RGK (AGRx)
Hon. R. Gary Klausner

**BRIEF FOR THE CALIFORNIA SOCIETY OF ENTERTAINMENT LAWYERS IN SUPPORT OF APPELLANTS**

Steven T. Lowe
LOWE & ASSOCIATES P.C.
8383 Wilshire Blvd.
Suite 1038
Beverly Hills, CA 90211
steven@lowelaw.com
Tel: (310) 477-5811

*Counsel for Amicus Curiae,
The California Society
of Entertainment Lawyers*

## **TABLE OF CONTENTS**

Page

**CORPORATE DISCLOSURE STATEMENT** ................................................... ii

**STATEMENT OF COMPLIANCE WITH RULE 29(c)(5)** .............................. ii

**CONSENT OF THE PARTIES** ........................................................................ ii

**TABLE OF AUTHORITIES** .................................................................... iii, iv

**INTEREST OF AMICUS CURIAE** ................................................................ 1

**SUMMARY OF ARGUMENT** ........................................................................ 2

**ARGUMENT** ................................................................................................... 5

    I.    **THE NINTH CIRCUIT SHOULD UPHOLD THE SELECTION AND ARRANGEMENT JURY INSTRUCTIONS AS DETERMINED BY THE PANEL RULING** ................................... 5

        A.    **The "Selection And Arrangement" Test Is The Only Test That Should Be Applied As It Is Mandated By The United Stated Supreme Court And Is The Current And Only Proper Test Under The Extrinsic Analysis** ........................... 5

        B.    **The Fact That There May Be "Common Musical Elements" Is Not An Obstacle To Application Of The Proper Test** ....... 6

    II.    **MUSICAL WORKS (LIKE LITERARY WORKS) ARE ENTITLED TO BROAD COPYRIGHT PROTECTION AND NOT JUST OF THE MELODY** ....................................................... 7

**CONCLUSION** ............................................................................................... 10

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 29(c) of the Federal Rules of Appellate Procedure, Amicus Curiae The California Society of Entertainment Lawyers states that it is a not-for-profit corporation comprised of lawyers in the entertainment industry in California; it does not offer stock; and it has no parent corporation.

## STATEMENT OF COMPLIANCE WITH RULE 29(c)(5)

Counsel for the parties did not author this brief. The parties have not contributed money intended to fund the preparation or submission of this brief. No person other than the *amicus curiae,* its members, or its counsel contributed money that was intended to fund the preparation or submission of this brief.

## CONSENT OF THE PARTIES

In accordance with Ninth Circuit Rule 29-3, *amicus curiae* has sought the consent of the parties to file an amicus curiae brief. Counsel for Appellant has granted consent; however, counsel for Appellees did not consent to said request.

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Computer, Inc. v. Microsoft Corp.*,
   35 F. 3d 1435 (9th Cir. 1994) ..................................................................3

*Burrow–Giles Lithographic Co. v. Sarony,*
   111 U.S. 53 (1884)………………………………………………...… 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)................................................................2, 4, 5, 6

*Fleener v. Trinity Broad.*,
   203 F. Supp.2d 1142 (C.D. Cal. 2001) ...................................................3

*Harper House, Inc. v. Thomas Nelson, Inc.*,
   889 F. 2d 194, 197 (9th Cir. 1989) .........................................................3

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
   676 F.3d 841 (9th Cir. 2012) ...........................................................3, 6

*Mattel, Inc. v. MGA Entm't, Inc.*,
   616 F.3d 904 (9th Cir. 2010) ..................................................................7

*Metcalf v. Bochco*,
   294 F.3d 1069 (9th Cir. 2002) ...........................................................3, 6

*Miller v. Miramax,*
   No. CV 99-08526 DDP (AJWx),
   2001 U.S. Dist. LEXIS 25967 (C.D. Cal. Sept. 26, 2001) ...................3

*New Old Music Grp., Inc. v. Gottwald*,
   122 F. Supp. 3d 78 (S.D.N.Y. 2015) ................................................6, 8

*Paramount Pictures Corp. v. Axanar Productions, Inc.*,
   121 U.S.P.Q.2D (BNA) 1699 ................................................................3

*Roth Greeting Cards v. United Card Co.*,
   429 F. 2d 1106 (9th Cir. 1970) ..............................................................3

*Satava v. Lowry*,
   323 F. 3d 805 (9th Cir. 2003) ................................................................7

*Skidmore for Randy Craig Wolfe Tr. v. Led Zeppelin*,
    905 F.3d 1116 (9th Cir. 2018) ..................................................1, 6, 7, 10

*Swirsky v. Carey*,
    376 F.3d 841 (9th Cir. 2004) ...............................................3, 5, 7, 8, 9

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000) ....................................................3, 5, 6, 8

*The Trade–Mark Cases,*
    100 U.S. 82 (1879)………………………………………………... 4

*Universal Pictures Co. v. Harold Lloyd Corp.*,
    162 F. 2d 354 (9th Cir. 1947) ............................................................3

*Williams v. Gaye*,
    895 F.3d 1106 (9th Cir. 2018) .....................................................4, 7, 8

*Worth v. Selchow & Righter Co.*,
    827 F. 2d 569 (9th Cir.1987) ............................................................3

**Other Authorities**

Jordan Runtagh, *Songs on Trial: 12 Landmark Music Copyright Cases*,
    Rolling Stone (Jul. 25, 2018)
    https://www. rollingstone.com/politics/politics-lists/songs-on-trial-12-
    landmark-music-copyright-cases-166396..........................................10

Robert Helfing, *Substantial Similarity in Literary Infringement Cases:
    A Chart for Turbid Waters.* 21 UCLA Entertainment Law Review,
    Issue 1 (2014)......................................................................................2

Steven T. Lowe, *Death of Copyright 3*: *The Awakening,* L.A. Lawyer, July
    2018 ....................................................................................................2

Steven T. Lowe, *Death of Copyright*, L.A. Lawyer, November 2010............2

*Stylus Magazine's Top 50 Basslines of all Time,* Stylus (2005) .....................9

## INTEREST OF AMICUS CURIAE

CSEL is a non-profit corporation and professional organization of attorneys representing authors, screenwriters, songwriters, and other creators of intellectual property in the entertainment industry. CSEL seeks to balance the influence of powerful international conglomerates with the rights of creative professionals through education, legislation, and litigation.

Due to their limited resources and relative ignorance of the law, talent in the entertainment industry are at a great disadvantage when attempting to protect or exploit their intellectual property. More successful companies and individuals often seek to free-ride on the labor of such talent, trusting that many will lack the wherewithal and financial backing to mount a legal challenge. CSEL seeks to level the playing field by providing informative counseling and advice as to best practices to these creative professionals, as well as advocating their interests to those in a position to correct perceived deficiencies in their legal protections.

The case at bar presents such an opportunity. In its Appeal Brief, Appellant Michael Skidmore has detailed errors of the Trial Court's ruling in the above-captioned matter, which justify upholding the decision of this Court issued on September 28, 2018; *Skidmore for Randy Craig Wolfe Tr. v. Led Zeppelin*, 905 F.3d 1116 (9th Cir. 2018). CSEL agrees with Appellant and with this Court's prior ruling. The instant case is one in a line of copyright infringement cases from the

past three decades, in which deviations from established procedural and legal principles have made it nearly impossible for creator-litigants to protect their rights when their intellectual property is misappropriated.[1]

## SUMMARY OF ARGUMENT

The case before this Court is illustrative of a broader confusion with respect to the applicability of well-established copyright principles. Decisions coming out of the courts of the Ninth Circuit over the course of the last 28 years have intermittently upended the traditional standards for determining "substantial similarity" as specifically mandated by the United States Supreme Court in *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991), often confining it to circumstances that systemically frustrate plaintiffs' claims. The test held to be applicable by the court in that case (i.e. the "selection and arrangement" test) should not be altered by the unique circumstances or elements at issue in any particular case, but should instead be applied as a universal standard to any and all copyrightable works. Courts do not have the discretion to determine "substantial similarity" as they see fit, and any deviation from the standard in *Feist* contravenes

---

[1] When the Ninth Circuit fails to apply the "selection and arrangement" test (which requires that all elements be *included* in the analysis and no elements be *excluded*), plaintiffs always lose. *See* Steven T. Lowe, *Death of Copyright 3*: *The Awakening*, L.A. Lawyer, July 2018, at 28, 31; Steven T. Lowe, *Death of Copyright*, L.A. Lawyer, November 2010, at 32, 34-35. *See also*, Robert Helfing, *Substantial Similarity in Literary Infringement Cases: A Chart for Turbid Waters.* 21 UCLA Entertainment Law Review, Issue 1 (2014).

established law and unjustly strips copyrighted works of their full entitled protection. The selection and arrangement test does not exclude any element (whether or not separately copyrightable) and has been adopted by the Ninth Circuit and lower courts in the Ninth Circuit on multiple occasions. [2]

Yet another attempt to undermine plaintiff's claims is to redefine the level of protection granted to musical works. This Circuit has previously established that musical compositions receive the highest level of copyright protection known as "broad protection". *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000). Severely limiting the protection of original musical phrases or limiting the protection to only the "melody" would not only run afoul of Ninth Circuit precedent, but also have the disastrous effect of allowing original but non-complex musical phrases to be stolen, no matter how creative and appealing they may be.

---

[2] *See Paramount Pictures Corp. v. Axanar Productions, Inc*., 121 U.S.P.Q.2D (BNA) 1699 (C.D. Cal. 2017) (film); *L.A. Printex Inds., Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 848-52 (9th Cir. 2012) (textile designs); *Swirsky v. Carey*, 376 F. 3d 841, 847 (9th Cir. 2004) (music); *Metcalf v. Bochco*, 294 F. 3d 1069, 1074 (9th Cir. 2002) (TV show); *Fleener v. Trinity Broad*., 203 F. Supp.2d 1142, 1148-51 (C.D. Cal. 2001) (book); *Miller v. Miramax,* No. CV 99-08526 DDP (AJWx), 2001 U.S. Dist. LEXIS 25967 (C.D. Cal. Sept. 26, 2001) (film); *Three Boys Music Corp. v. Bolton*, 212 F. 3d 477, 485 (9th Cir. 2000) (music); *Apple Computer, Inc. v. Microsoft Corp.* 35 F. 3d 1435, 1441-48 (9th Cir. 1994) (computer programs); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 194, 197 (9th Cir. 1989) (organizer); *Worth v. Selchow & Righter Co.*, 827 F. 2d 569, 572-74 (9th Cir.1987) (trivia fact books); *Roth Greeting Cards v. United Card Co.*, 429 F. 2d 1106 (9th Cir. 1970) (greeting cards); *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F. 2d 354, 361 (9th Cir. 1947) (film).

That is not, and should not, be the law. *See Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018).

Both public policy and precedent dictate that the jury should have been specifically instructed on the "selection and arrangement" test. In this case, the similarity is obvious to the untrained ear. The case at hand provides this Circuit with the opportunity to affirm that Ninth Circuit copyright jurisprudence conforms to both the standards set forth by the U.S. Supreme Court in *Feist*, *supra*, and with the broader public policy goals of copyright law as articulated in that case.3

---

3 "'Originality is a constitutional requirement. The source of Congress' power to enact copyright laws is Article I, § 8, cl. 8, of the Constitution, which authorizes Congress to 'secur[e] for limited Times to Authors ... the exclusive Right to their respective Writings.' In two decisions from the late 19th century—*The Trade–Mark Cases,* 100 U.S. 82 (1879); and *Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53 (1884)—this Court defined the crucial terms 'authors' and 'writings.' In so doing, the Court made it unmistakably clear that these terms presuppose a degree of originality." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991).

# ARGUMENT

I. **THE NINTH CIRCUIT SHOULD UPHOLD THE SELECTION AND ARRANGEMENT JURY INSTRUCTIONS AS DETERMINED BY THE PANEL RULING.**

   **A. The "Selection and Arrangement" Test Is The Only Test That Should Be Applied As It Is Mandated By The United States Supreme Court and is the Current and Only Proper Test Under the Extrinsic Analysis**

In 1991, the United States Supreme Court first set forth the parameters of what has come to be known as the selection and arrangement test. *Feist Publ'ns, Inc.,* 499 U.S. 340 at 348 (holding that the "selection and arrangement" of otherwise uncopyrightable elements are in fact subject to copyright protection). While *Feist* contemplated the copyrightability of factual compilations, there is no area of copyright in which the principle espoused by the Court is more applicable than in music. *See Swirsky v. Carey*, 376 F.3d at 843 (9th Cir. 2004) (holding that the district erred in its measure-by-measure comparison of two musical compositions because "substantial similarity can be found in a combination of elements, even if those elements are individually unprotected"); *Three Boys Music Corp.*, 212 F.3d at 485 (9th Cir. 2000) (finding in the context of musical works, "[i]t is well settled that a jury may find a combination of unprotectible elements to be protectible under the extrinsic test…"). In *Three Boys, supra,* this Court found that where two musical works were similar in the combination of elements such as the "title hook phrase" and "verse/chorus relationship," this was enough for

copyright infringement. *Three Boys Music Corp.*, 212 F.3d at 485. In fact, any extrinsic analysis comparing the similarity of two works—musical or otherwise—requires that the Court and or jury examine the selection and arrangement of these unprotectable elements. *See* footnote 2, *supra*. This Circuit has long since recognized *Feist,* holding that even in the context of textiles, "[The plaintiff's] original selection, coordination, and arrangement of [floral patterns] is protectible." *L.A. Printex Indus., Inc. v. Aeropostale, Inc*., 676 F.3d 841, 850 (9th Cir. 2012). Thus, this Court should uphold the ruling in its earlier opinion *Skidmore for Randy Craig Wolfe Tr.*, 905 F.3d at 1125 (9th Cir. 2018) and the prevailing wisdom of this court: The failure to instruct the jury to apply the selection and arrangement test constitutes reversible error.

### B. The Fact That There May Be "Common Musical Elements" is Not An Obstacle To Application Of The Proper Test.

The "selection and arrangement" test protects the combination of any and all articulable similarities, anything that is "concrete." *Metcalf v. Bochco*, 294 F.3d at 1074 (9th Cir. 2002) ("…protectable expression[s] include…'the actual concrete elements that make up the total sequence…' "). Regardless of the nature of these constituent elements the test remains absolute. *Id.* Unprotectable elements must be considered as a whole and not be "splintered." *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78 (S.D.N.Y. 2015) ("Excessive splintering of the elements of a work… would result in almost nothing being copyrightable because

original works broken down into their composite parts would usually be little more than basic unprotectible elements."). Thus, if the combination of elements is similar to the combination contained in the infringing work, there is infringement. *See Swirsky*, *supra,* 376 F.3d at 848. As this court noted, the jury was not properly instructed thereon. *Skidmore for Randy Craig Wolfe Tr.*, 905 F.3d at 1130.

## II. MUSICAL WORKS (LIKE LITERARY WORKS) ARE ENTITLED TO BROAD COPYRIGHT PROTECTION AND NOT JUST OF THE MELODY.

Copyrightable works are subject to either broad or thin copyright protection. *See Williams*, 895 F.3d at 1120. A copyrightable work is subject to broad protection where there is the potential for "a wide range of expression." *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 916 (9th Cir. 2010). However, when a work has a limited range of expression, it is afforded only thin copyright protection and the infringing work must be "virtually identical." *Satava v. Lowry*, 323 F. 3d 805, 812 (9th Cir. 2003). Thus, the Ninth Circuit stated: "There are a myriad of ways to make an 'aliens-attack movie,' but 'there are only so many ways to paint a red bouncy ball on blank canvas." *Mattel, Inc.*, 616 F.3d at 913-14 (9th Cir. 2010). The former is entitled to broad protection and the latter is required to thin protection. *Id.*

It is well-established that musical works are entitled to broad protection, requiring only substantial similarity and not virtual identity. *Williams*, 895 F.3d

1106; *Three Boys Music Corp.*, 212 F.3d 477. Musical compositions "[are] comprised of a large array of elements" and "are not confined to a narrow range of expression." *Swirsky,* 376 F.3d at 849; *Williams,* 895 F.3d at 1120. Accordingly, the Ninth Circuit has established that this expansive range of expression guarantees musical compositions broad protection. *See Williams*, 895 F.3d 1106; *Three Boys Music Corp.*, 212 F.3d 477.

Broad protection is not stripped away where a small number of musical elements are at issue. *Three Boys Music Corp.*, 212 F.3d 477 (holding that the arrangement of a limited number of elements was entitled to no less protection than the musical composition as a whole). In *Three Boys* the court held that the arrangement of five unprotectable elements was enough to trigger copyright protection. *Id. See also*, *New Old Music Group Inc.*, 122 F.Supp. at 86 (S.D.N.Y. 2015) (holding that substantially similar drumbeat gave rise to copyright infringement claim).

In fact, altering the level of protection granted to a musical work based on the number or type of elements that are found similar is to conflate complexity with originality. Consider the Oscar award winning soundtrack from the 1975 film *Jaws*. One of the most recognizable soundtracks in film history, the introductory phrase is comprised of two low notes that alternate slowly at first, and then with accelerating frequency. This phrase contains no protectable elements by itself, and

at most only a few constituent elements. Yet, it is remarkably evocative, memorable, and most of all, original. As a second example, consider Queen and David Bowie's iconic track "Under Pressure". The song begins with a bassline consisting of two pitches set to a simple rhythm. Like the soundtrack to *Jaws*, it is comprised of no more than two notes. Nonetheless, it can almost immediately be recognized and has even been named the best bassline in musical history. *Stylus Magazine's Top 50 Basslines of all Time,* Stylus (2005).

No legal or equitable principle supports denying the historic phrases in *Jaws* or "Under Pressure" broad copyright protection. Similarly, the number of elements in a musical work or phrase are not determinative of originality. Because of the near-infinite permutations of musical expression, the combination of even a few musical elements may be unique and evoke substantial creativity. *Swirsky*, 376 F.3d at 849. This Circuit prudently recognized this in *Swirsky,* stating specifically that "[e]ven if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." *Id.* at 852.

Copyright protection should not be limited because it is simple or does not relate to the melody. Doing so would effectively relegate original music to only "thin protection" under the law, allowing infringers to copy it to every degree but virtual identity. Under this standard, it is uncertain whether even the admitted theft

of the "Under Pressure" bassline by rapper Vanilla Ice would constitute infringement, due to the one additional note the artist included. Jordan Runtagh, *Songs on Trial: 12 Landmark Music Copyright Cases*, Rolling Stone (Jul. 25, 2018) https://www. rollingstone.com/politics/politics-lists/songs-on-trial-12-landmark-music-copyright-cases-166396. This result contradicts precedent and is neither logical nor equitable. This Court's prior decision should stand.

## CONCLUSION

For the foregoing reasons and those set forth in Appellant's Brief, this Court's decision *Skidmore for Randy Craig Wolfe Tr. v. Led Zeppelin*, 905 F.3d 1116 (9th Cir. 2018) should be affirmed.

Respectfully submitted,

DATED: September 16, 2019

> */s/ Steven T. Lowe*
> Steven T. Lowe
> LOWE & ASSOCIATES
> 8383 Wilshire Blvd.
> Suite 1038
> Beverly Hills, CA 90211
> steven@lowelaw.com
> Tel: (310) 477-5811
>
> *Counsel for Amicus Curiae,*
> *The California Society*
> *of Entertainment Lawyers*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** 16-56057

The undersigned attorney or self-represented party states the following:

[ ] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ x ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:
16-56287

**Signature** s/Steven T. Lowe  **Date** 09/16/2019
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 17**  *New 12/01/18*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 16-56057, 16-56287

I am the attorney or self-represented party.

**This brief contains 3116 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[x] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties;
  [ ] a party or parties are filing a single brief in response to multiple briefs; or
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Steven T. Lowe   **Date** 09/16/2019
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 8                                                                 Rev. 12/01/18