# United States Court Of Appeals For The Ninth Circuit

## No. 16-56057; 16-56287

_____

### Skidmore

*Michael Skidmore, Trustee for the
Randy Craig Wolfe Trust
Plaintiff-Appellant/Cross Appellee*

v.

### Led Zeppelin ET AL.

*Defendants-Appellees*

and

### Warner/Chappell Music, Inc.

*Defendant, Cross Appellant*

_____

## Appellant Skidmore's Motion for Sanctions Against Defense Counsel Peter Anderson for Making Deliberate and Material Misstatements to the Court En Banc

_____

(Music copyright infringement, on appeal from the final Order dated June 23, 2016
of the Honorable R. Gary Klausner, of the United States District Court for the
Central District of California. The case was docketed in the Central District at 15-
cv-03462)

_____

Francis Alexander, LLC

Francis Malofiy, Esquire
Alfred Joseph (AJ) Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyers for Michael Skidmore*

# Introduction

At the *en banc* oral argument on September 23, 2019, counsel for Led Zeppelin made a material misrepresentation to the tribunal which must be corrected.

As this Court is aware, Plaintiff advanced two primary arguments before the *en banc* panel: (1) a deposit submitted for a 1909 Act registration has legally never defined the scope of copyright and is not an independent artistic work, and (2) that even if the deposit defines the scope of a copyright, an inaccurate copyright registration and deposit can be disregarded under the broad and deferential Three Boys Music prejudice standard.

In response to Plaintiff's argument that the deposit was obviously an inaccurate and incomplete "skeleton outline" of "Taurus," and that the Three Boys Music prejudice analysis had to be applied, defense counsel Peter Anderson falsely told this Circuit:

> "I'd first like to respond to some of things counsel said. At no point in this case-- in discovery, at trial, or in the original briefing-- did Plaintiff ever take the position that the deposit copy was in error … At no point did Plaintiff argue-- or submit any evidence-- that the deposit copy was incorrect."

Video Time: 32:30, 33:30. ***This is breathtakingly false*** and highly prejudicial.

In fact, it was ***knowingly*** false. Plaintiff's opposition to summary judgment expressly asked that the Three Boys Music prejudice analysis be applied and stated in

support thereof:

> The deposit copy of Taurus ***does not reflect the entirety*** of the musical composition in a work, which is instead reflected by the composition of Taurus embodied in the 49-year old sound recording. Stewart Decl. ¶29-33 [Excerpt 2515].

Excerpt 2436-38 (emphasis added). Plaintiff's musicologist Dr. Alexander Stewart noted in the cited declaration that the inaccuracies in "Taurus's" deposit were so obvious that ***even defense expert Robert Mathes observed the deposit was incomplete***:

> The ***deficiency*** of the lead sheet deposit copy of "Taurus" is noted at the very beginning of Mr. Mathes' report. … ***Lead sheets are notoriously lacking in musical detail, and, quite often, contain inaccuracies in their representation of the composition***.

Excerpt 2515 (emphases added). The lower court addressed Plaintiff's argument in its summary judgment opinion, but erroneously rejected it on legal grounds. Excerpt 132.

Defense counsel Anderson is well aware that Plaintiff has always argued that the deposit was deficient and inaccurate; his statement to the tribunal that "at no point" did Plaintiff make this argument was mendacious.

Consider that after Mr. Anderson won on the deposit issue at summary judgment, he signed and filed a successful motion in limine ***which cited and quoted Plaintiff's summary judgment argument regarding inaccuracies in the deposit*** to preclude Plaintiff's experts from addressing any musical elements erroneously omitted from the deposit at trial. Excerpt 2333; 2252.

Not only were the deficiencies of the deposit copy raised in the lower court, but it was a central issue in Plaintiff's opening brief from pages 29-40, as well as the reply brief at p.31-36. Indeed, the Court **must** address the Three Boys Music prejudice argument and explain how Three Boys Music is actually distinguishable from this case (it is not).

Defendants know they have no response to Three Boys Music broad and deferential approach to dealing with inaccurate deposit copies, and thus instead tried to mislead the tribunal into thinking the issue had never been raised. Mr. Anderson should have to answer for making false statements which materially misrepresented the record with the purpose and intent to mislead the Court into ignoring the Three Boys Music prejudice argument.

To the extent the Court sitting *en banc* was dissuaded from addressing that issue—no questions were posed to Mr. Anderson on this issue—it was highly prejudicial to Plaintiff who has always adamantly maintained the deposit is inaccurate and its use for the substantial similarity comparison highly prejudicial.

## Meet and Confer

Plaintiff's counsel reached out to defense counsel Peter Anderson to notify him of this motion and its content, including to give him a chance to correct his misrepresentations. His response was a vague threat: "Your accusation is of course not

correct and I strongly suggest you reconsider rather than face the risk of the Court imposing sanctions on you, your co-counsel, and your client."

### Legal Statement

California attorneys can only present those facts "consistent with the truth," and "shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law." See In re Girardi, 611 F. 3d 1027, 1035 (9th Cir. 2010) (citing Cal. Rule Prof. Conduct 5-200). The Ninth Circuit observes:

> Misrepresentation of the record on appeal is poor strategy. Alert opponents will detect the error. An appellate panel of three judges assisted by a staff of able law clerks will confirm what the opponents point out or will itself uncover the defects. The vice of misrepresentation is not that it is likely to succeed but that it imposes an extra burden on the court.

In re Boucher, 837 F.2d 869, 871 (9th Cir. 1988).

### Application

Since discovery, Plaintiff has always strenuously argued that the deposit submitted with the "Taurus" registration was incomplete and inaccurate and that the Three Boys Music prejudice analysis should apply.

The deposit was just an outline of the "Taurus" composition embodied in the Spirit album, drafted by someone working for Plaintiff's publisher for the registration; it was not an independent artistic work.

That this was not an actual artistic work, but was instead intended to identify

the "Taurus" album composition, is made abundantly clear by the fact that the registration identifies Randy Wolfe as the author of "Taurus," *not* "B. Hansen" who was identified as drafting the deposit lead sheet. Wolfe did not write music, but was still entitled to a registration of his work (albeit with a sheet music deposit that had to be created by a third party). ***That does not mean that errors in Mr. Hansen's transcription of Wolfe's work alter the work.***

Defense counsel Peter Anderson knows all of this, but has never in the many pages of briefing ever been able to counter the <u>Three Boys Music</u> prejudice argument. It is undisputed his client defendant Jimmy Page owned the "Taurus" album version, never saw the deposit, could not read sheet music, and thus could not possibly be prejudiced by using the "Taurus" album composition for the substantial similarity comparison.

Thus, when Mr. Anderson got up to make his argument he resorted to claiming that Plaintiff had never claimed "at any point" in the case that the deposit copy contained errors—including in discovery, in the underlying case, or on appeal. <u>See</u> Video Time: 32:30, 33:30.

This motion documents how and why this statement is egregiously false: Plaintiff raised the inaccuracy of the deposit copy in expert discovery, in opposition to summary judgment, at motions in limine, at trial, and on appeal in the opening and

reply briefs. Defense counsel Peter Anderson deliberately tried to mislead the tribunal because he knows that his clients have no response to the <u>Three Boys Music</u> argument and that a prejudice analysis should have been conducted by the lower court given the plain errors in the deposit copy.

The inaccuracy of the deposit has always been the central issue in the lower court and to seriously claim that Plaintiff never raised the issue is divorced from the facts—and was made with the intent and purpose of dissuading this court from conducting the <u>Three Boys Music</u> analysis or remanding the case for such an analysis.

### a. The Errors in the Deposit Copy were Raised in Expert Discovery and at Summary Judgment

In opposition to summary judgment, Plaintiff rebutted Defendants' deposit copy argument by expressly arguing the deposit was inaccurate and incomplete, and that there would be no prejudice to Defendants if the full composition was used per <u>Three Boys Music</u>:

> ***The deposit copy of Taurus does not reflect the entirety of the musical composition in a work***, which is instead reflected by the composition of Taurus embodied in the 49-year old sound recording. Stewart Decl., ¶29-33.
>
> The deposit requirement under 17 U.S.C. § 408(b) "is to identify the copyrighted work for the purposes of registration." Paul Goldstein, Goldstein on Copyright § 3.8 (2013). "Although the 1909 Copyright Act requires the owner to deposit a 'complete copy' of the work with the copyright office, [the Ninth Circuit's] definition of a 'complete copy' is broad and deferential: 'Absent intent to defraud and prejudice, ***inaccuracies in copyright***

*registrations do not bar actions for infringement*.' " <u>Three Boys Music Corp.</u>, 212 F.3d at 486 (citing <u>Harris v. Emus Records Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984)); <u>see also Scentsy, Inc. v. B.R. Chase</u>, 942 F. Supp. 2d 1045, 1050 (D. Idaho 2013) (finding that identification materials are not required to disclose every element in which they claim a copyright); <u>KnowledgePlex, Inc. v. Placebase, Inc.</u>, C 08-4267 JF (RS), 2008 WL 5245484, at *10 (N.D. Cal. Dec. 17, 2008) (finding the Ninth Circuit has rejected the argument that claims are limited to the scope of the deposit copy).

....

The Ninth Circuit has held that the composition elements reflected in a sound recording, even if not on the deposit lead sheet, are to be considered by a jury. <u>Three Boys Music Corp.</u>, 212 F.3d at 486-87. ***If the differences do not result in prejudice and are not the result of fraudulent intent, then the consideration of the composition in the sound recording is appropriate***. <u>Id.</u> Here, there is no prejudice and no fraud—nor do Defendants attempt to argue there is any. ***Defendants' own expert, Mathes, demonstrated the relevance and necessity of examining the composition of the sound recording of "Taurus" as his expert report explicitly compares the composition in the sound recording of "Taurus" to the sound recording of Stairway to Heaven. Stewart Decl. ¶32-33***. When the opposing party's *own expert* admits the relevance of the composition in the sound recording it is an unambiguous sign that Defendants are well aware of the material being compared and that they have suffered no prejudice.

To be clear, Plaintiff is not and has never argued that the specific performance related aspect of Taurus's sound recordings are protected. He has always argued that the underlying composition was taken and used in Stairway. Plaintiff's experts were explicit that they had disregarded specific performance related elements for the substantial similarity comparison. Stewart Decl., at ¶51.

***The fact that Defendants seek to obscure is that lead sheets are often not detailed and do not represent the entirety of the protected composition***. Stewart Decl., at ¶33; *KnowledgePlex, Inc.*

> *v. Placebase, Inc.*, C 08-4267 JF (RS), 2008 WL 5245484, at *9 (N.D. Cal. Dec. 17, 2008). An excellent example of this is the lead sheet deposit copy submitted for *Stairway to Heaven* is significantly incomplete when compared to the actual composition of the song. Stewart Decl., at ¶33. ***The fact of the matter is that all parties are explicitly aware of the compositional comparison being conducted in this lawsuit and Defendants cannot demonstrate any prejudice whatsoever that the deposit copy of Taurus, like Stairway to Heaven, does not explicitly identify every protected compositional element***.

See Excerpt 2436-38 (Opposition to Summary Judgment) (emphases added). As in this case, in Three Boys Music the Defendants alleged that the majority of musical elements did not appear in the deposit copy. However, Three Boys Music (and Knowledgeplex) held that the magnitude of the errors in the deposit are immaterial if there is no prejudice to Defendants.

The cited portion of Dr. Stewart's declaration in the summary judgment brief includes the following:

> 31. ***The deficiency of the lead sheet deposit copy of "Taurus"*** is noted at the very beginning of Mr. Mathes' report. In his words, ***"the lead sheet is strangely lacking in that the guitar figure, as played on the recording, is not there" (Mathes Report para. 4)***....
> 32. If the guitar figure is not in the lead sheet, as stated by the defendant's other expert, then how can Dr. Ferrara's comparison of the guitar passages, which relies entirely upon this lead sheet, be be considered valid?...
> 33. Obviously he has taken an evasive approach to this case. ***Lead sheets are notoriously lacking in musical detail, and, quite often, contain inaccuracies in their representation of the composition.*** Indeed, the first sixteen measures of "Stairway" are completely missing from the deposit copy lead sheet of that composition....

Excerpt 2515-16 (emphasis added).

Here, we have Plaintiff's summary judgment opposition citing to Dr. Stewart's declaration, which expressly states that (1) the deposit has "deficiencies" also *noticed by Anderson's own expert*, (2) that deposits like the one at issue are often "inaccurate," and (3) that the deposit in question is incomplete and "lacking." All of these words are synonyms for "error.

When defense counsel Anderson claimed that "at no point" in this case in the lower court or on appeal did Plaintiff claim the deposit contained "errors," Mr. Anderson was not being candid with the tribunal. He was saying something convenient which helped his case, but which he knew was patently untrue.

### b. The Court's Summary Judgment Opinion also Addressed Plaintiff's <u>Three Boys Music</u> Prejudice Argument That the Deposit was Incomplete

The Court expressly addressed and denied Plaintiff's arguments that (1) the deposit did not govern the scope of the composition, and (2) under <u>Three Boys Music</u> there was no prejudice to Defendant and the inaccuracies in the deposit lead sheet should be disregarded in favor of the full composition of "Taurus" as composed by Randy Wolfe on the album *Spirit*. <u>See</u> Excerpt 132-33.

The Court in the course of erroneously denying both arguments stated:

Although the 1909 Copyright Act requires the owner to deposit

a *'complete copy'* of the work with the copyright office, our definition of a *'complete copy'* is broad and deferential: *'Absent intent to defraud and prejudice, inaccuracies in copyright registrations do not bar actions for infringement.'"* Id. ***Plaintiff seizes on this language and contends that a deposit copy of sheet music does not constitute the entirety of a protected work; rather, additional elements, such as those embodied in a sound recording, may be considered***. The Court finds this argument unavailing.

Excerpt 132. The Court understood Plaintiff was arguing the deposit was inaccurate, directly contradicting Mr. Anderson's preposterous claim the issue had never been raised "***at any point***." Mr. Anderson may disagree that the deposit contained errors, but he is not allowed to dishonestly claim that Plaintiff never made the argument.[1]

As can be seen, the Court ruled that anything outside the deposit transcription was not protected expression, exactly as Led Zeppelin asked. <u>See</u> Excerpt 132-33. The Court rigidly affirmed this ruling throughout motions in limine and at trial. Note that Plaintiff appealed the summary judgment order precisely because of this ruling on the deposit copy and at all points preserved this argument. <u>See</u> Excerpt 2760.

### c.    The Completeness of the Deposit Copy was Front and Center

---

[1] The Court's summary judgment opinion ignored Plaintiff's cited expert testimony on the deficiencies of the deposit, and instead held that <u>Three Boys Music</u> and the prejudice analysis were *legally* inapplicable because <u>Three Boy Music</u> analyzed the deposit issue as one of "jurisdiction." Excerpt 132-33. The Court did not realize that <u>Three Boys Music</u> made it clear the deposit requirement was actually jurisdictional ***not substantive***, and also that the prejudice analysis applied to any inaccuracies in a copyright registration regardless of whether the requirement was jurisdictional or substantive.

### During the Court's Rulings on MILs and at Trial

As the case proceeded, Plaintiff continuously raised this issue, or opposed Defendants' briefing on this issue, and was continuously overruled by the Court which only allowed use of the exact notes on the deposit copy. See (Excerpt 1866-67) (granting defense MIL to only allow recordings of Taurus as transcribed in the copyrighted 1967 transcription, and striking inconsistent Plaintiff expert reports); (Excerpt 613-14) (refusing to let defendant Page testify to compositional elements in "Taurus" album composition he copied); (Excerpt 736) (stating to Plaintiff's expert Kevin Hanson: "You can play notes of the deposit copy only.").

That Mr. Anderson would falsely tell the panel that Plaintiff never argued the deposit was inaccurate and erroneous is particularly risible given that he filed a motion in limine to limit and strike Plaintiff's expert reports which addressed that the deposit was incomplete and had "deficiencies." Excerpt 2333; 2252.

What Plaintiff is trying to convey is that Mr. Anderson's claim that the errors in the deposit copy were never identified in the lower court proceeding *is absolutely preposterous*. For Mr. Anderson to now claim that Plaintiff never argued or presented evidence the deposit contained errors is akin to claiming that Einstein never spoke about physics.

Mr. Anderson may disagree that the deposit contains errors, but he is not

entitled to blatantly misrepresent the objective record to win an appeal—no matter who he represents.

### d. Plaintiff Extensively Raised this Issue On Appeal

On appeal, contrary to Mr. Anderson'' false statements, Plaintiff expressly raised the inaccuracies, incompleteness, and errors of the deposit many, many times as the first and primary issue on appeal:

- "The most important of these errors was that the trial court refused to let the jury hear *the full and complete composition* of "Taurus" embodied in the sound recordings that Jimmy Page possessed, instead limiting the comparison *to an outline of the "Taurus" composition in the deposit copy lead sheet*. The jury was not allowed to compare *the complete "Taurus" composition* that defendant James Patrick Page possess[ed] and allegedly copied, but instead was forced to make an artificial comparison *between an inaccurate version of "Taurus" more dissimilar to "Stairway to Heaven"*. This was highly prejudicial and requires reversal." Brief, at p.11.

- "The Court Erroneously Precluded the Composition of "Taurus" as Embodied in the Sound Recordings of "Taurus", *Artificially Limiting* the Substantial Similarity Comparison to *an Outline* of "Taurus's" Composition Submitted to the Copyright Office." Brief, at p.19.

- "The jury was made to artificially compare *a version of "Taurus" more dissimilar* to "Stairway to Heaven" than *the complete composition*." Brief, at p.19

- "The result at trial was that Plaintiff and his experts were forced to compare a *more dissimilar and inaccurate version of* "Taurus" to "Stairway to Heaven", *instead of the correct and complete composition* in the album version of "Taurus" which is practically identical to "Stairway to Heaven"." Brief, at p.21

- "the Jury Was Made to Compare *an Artificial, Inaccurate Version* of "Taurus" to "Stairway to Heaven"" Brief, at p.29.

- "The Court improperly did not admit **the correct and complete composition of "Taurus"**. The **correct and complete composition** of "Taurus" was that embodied in the album recording of "Taurus" released to the public in 1967-68. (Excerpt 2122, Audio Exhibit 32 - "Taurus" [submitted by way of Motion to Transmit Physical Exhibit])." Brief, at p.29

- "The **artificial, highly prejudicial comparison** in this case resulted in a comparison between **a version of "Taurus" more dissimilar** to "Stairway to Heaven" than the actual composition from the album version of "Taurus", something noted by both Plaintiff's expert and defense expert Robert Mathes. See Declarations of Experts (Excerpts 2515, 2359, 2192, 2204-07, 2122-23, 2096-99)." Brief, at p.41.

<u>See</u> Plaintiff's Opening Brief (all emphases added).

Keep in mind that Plaintiff expressly invoked the <u>Three Boys Music</u> prejudice argument in the section of his opening brief which complained in the section heading that the "the Jury Was Made to Compare an Artificial, Inaccurate Version of "Taurus":

> Ninth Circuit precedent conforms with the Seventh Circuit's <u>National Conference of Bar Examiners</u> opinion that the deposit copy lead sheet does not define the scope of copyright. In <u>Three Boys Music Corp. v. Bolton</u>, 212 F.3d 477 (9th Cir. 2000), the Ninth Circuit was confronted with what a "complete copy" means for a musical work under the 1909 Act. The Court held that
>
>> Although the 1909 Copyright Act requires the owner to deposit a ``complete copy'' of the work with the copyright office, our definition of a ``complete copy'' is broad and deferential: ``Absent intent to defraud and prejudice, inaccuracies in copyright registrations do not bar actions for infringement.'' Harris v. Emus Records

Corp., 734 F.2d 1329, 1335 (9th Cir.1984) (citations omitted).

Id. at 486-87. The Ninth Circuit then permitted an extensive analysis in Three Boys Music of the composition of the album recording of the underlying song and this Circuit **did not limit the comparison to the deposit lead sheet or preclude the sound recordings**. Id. at 485-86. In that case the defendants were making a highly similar argument to the one in this case, that the inaccurate/incomplete deposit copy lead sheet should have controlled the litigation. Id. at 486-87 ("[defendants] claimed that the deposit copy does not include the majority of the musical elements that were part of the infringement claim").

The Ninth Circuit's holding simply noted that when an *incomplete or inaccurate deposit copy had been submitted* for a nonfraudulent reason, and all the parties were well aware of the underlying work that was alleged to have been copied, it is simply *not prejudicial to focus the case on the actual composition of the musical work embodied in the album version of the song, instead of an inaccurate version of the deposit lead sheet*. Id. at 486-87. ....

The defense expert himself, Dr. Lawrence Ferrara, testified in his deposition that "Stairway to Heaven's" "finished composition" is embodied in the *album recording* of that song not the deposit copy. (Excerpt 1650). Indeed, the trial court allowed the full composition of "Stairway to Heaven" to be played ad nauseam.

*Note that deposit copy lead sheets submitted to the Copyright Office are almost always outlines of the registered work and almost never represent the entirety of the protected composition covered by §1(e). (Excerpt 2515-16 - Plaintiff's Expert Report);* KnowledgePlex, C 08-4267 JF (RS), 2008 WL 5245484, at *9. For example, the lead sheet deposit copy submitted for "Stairway to Heaven" is significantly incomplete when compared to the actual composition of the song in the album recording. (Excerpt 1649-51). The "Stairway to Heaven" deposit copy does not even include the iconic opening notes, and defense musicological expert Dr. Lawrence Ferrara admitted that the transcription he made of "Stairway to Heaven's"

> "finished composition" in the album recording was around
> 11,000 notes, while the "Stairway" deposit copy was just 400.
> (Excerpt 1649-51).

See Opening Brief, at p.33. (first emphasis original, all other emphases added). Later

in the section on why using the deposit copy was wrong, Plaintiff's brief again

observed that the deposit was dissimilar and artificial:

> The artificial, highly prejudicial comparison in this case resulted
> in a comparison *between a version of "Taurus" more dissimilar
> to "Stairway to Heaven" than the actual composition from the
> album version of "Taurus", something noted by both Plaintiff's
> expert and defense expert Robert Mathes*. See Declarations of
> Experts (Excerpts 2515, 2359, 2192, 2204-07, 2122-23, 2096-99).
> .... Page admitted that he had never asked the Copyright Office
> for the lead sheet of "Taurus". (Excerpt 507-08). It is therefore
> ridiculous and artificial to base the substantial similarity
> comparison on the deposit copy that no defendant will have ever
> seen.

Opening Brief, at p.40-41 (emphasis added).[2] In other words, experts from both sides

found it obvious that the deposit has deficiencies as compared to the work actually

authored by Randy Wolfe.

In Plaintiff's Reply, he again extensively addressed the differences and

inaccuracies between the full composition of "Taurus" and the deposit copy. See

Reply Brief at p.25-27, 31-36. In fact, that reply explains that Dr. Stewart submitted

---

[2] The expert citations in the opening brief in support of Plaintiff's contention the
deposit was inaccurate included: Excerpts 2515; Excerpt 2122, Audio Exhibit 32 -
"Taurus" [submitted by way of Motion to Transmit Physical Exhibit]; 2359, 2192,
2204-07, 2122-23, 2096-99.

an expert report in discovery which expressly analyzed the compositional differences between Taurus's album version and the incomplete deposit copy, as Plaintiff's reply recounts at length:

> Dr. Alexander Stewart also submitted a different report, which in Part I analyzed the deposit copy of ''Taurus'' versus ''Stairway to Heaven'' (See Excerpt 1776), and then in Part II analyzed the composition in the ''Taurus'' album recording/deposit copy versus ''Stairway to Heaven''. (See Excerpt 1788). Stewart explicitly analyzed the compositional differences between each version of ''Taurus'', namely the ''prominent guitar melody in section A that is only partially represented in the '''Taurus''' deposit copy lead sheet.'' See Excerpt 1788. Stewart's conclusion regarding the ''Taurus'' album version's composition was that ''During the first 18 notes [the] basic melodic sequence is virtually the same'' as compared to ''Stairway to Heaven'', and that the songs are so striking similar it precludes ''the possibility of coincidence or independent creation.'' (See Excerpt 1789, 1791). He did not offer such a strong opinion in his conclusion regarding the deposit copy. See Excerpt 1787.

See Plaintiff Reply, at p.32 n.6.

In Plaintiff's response to the Government's Brief for the petition for rehearing, he again explained his Three Boys Music argument and the errors in the deposit copy, as well as the evidence supporting it. See Response to Gov. Brief, at p.11-14.

The simple fact of the matter is that Plaintiff has spent the last four years expressly preserving this exact issue for appeal, including many thousands of dollars on expert reports. The law of the Ninth Circuit has always been that errors in a

copyright registration can be disregarded if not prejudicial to the defendant—there is no prejudice here because defendant Page owned the full composition of "Taurus" and had access to it which was proven at trial.

## Conclusion

Defense counsel Peter Anderson does not have the right at a high profile *en banc* reargument to make material misstatements about this case, which frankly attempt to impugn the competency and thoroughness of opposing counsel in preserving an issue.

As a sanction for making deliberately making these misleading and false arguments Plaintiff seeks a symbolic monetary sanction of $1.00, the striking of Appellee's oral argument, and application of the Three Boys Music prejudice analysis to this case.

*Respectfully submitted,*

*/s/ Francis Malofiy*

Francis Alexander, llc
Francis Malofiy
Alfred Joseph Fluehr
280 N. Providence Road; Suite 1
Media, PA 19063
T:  (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Law Firm / Lawyers for Michael Skidmore*

*October 3, 2019*

## Certificate of Compliance with Length Limit

I certify that this Motion is less than 5,200 words and complies with Fed. R. App. P. 27(d)(2).

*Respectfully submitted,*

*/s/ Francis Malofiy*

Francis Alexander, llc
Francis Malofiy
Alfred Joseph (AJ) Fluehr
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Law Firm / Lawyers for Michael Skidmore*

October 3, 2019

Certificate of Filing and Service

Counsel was served via CM/ECF which constitutes service, pursuant to Fed.

R. App. P. 25(c)(2) and Ninth Circuit Rule 25-5(g), to all registered CM/ECF users:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

Eugene Volokh
Mayer Brown LLP
350 S. Grand Ave. #2500
Los Angeles, CA 90071
T: (310) 206-3926
E: evolokh@mayerbrown.com
*Counsel for RIAA*

Danielle M. Aguirre
Erich C. Carey
Nat'l Music Publishers' Ass'n
975 F St. NW #375
Washington, DC 20004
T: (202) 393-6672
E: daguirre@nmpa.org
E: ecarey@nmpa.org
*Counsel for NMPA*

Edwin F. McPherson

Tracy B. Rane
MᴄPʜᴇʀꜱᴏɴ Rᴀɴᴇ LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2326
T: (310) 553-8833
E: emcpherson@mcphersonrane.com
E: trane@mcphersonrane.com
*Attorneys for 123 Songwriters, NSAI, and SONA*

Kenneth D. Freundlich, Esquire
Fʀᴇᴜɴᴅʟɪᴄʜ Lᴀᴡ
16133 Ventura Blvd. | Ste. 645
Encino, CA 91436
T: (310) 275-5350
*Counsel for Musicologists Amici Curiae*

Professor Mark A. Lemley, Esquire
Sᴛᴀɴꜰᴏʀᴅ Lᴀᴡ Sᴄʜᴏᴏʟ
559 Nathan Abbott Way
Stanford, California 94305
T: (650) 723-4605
E: mlemley@law.stanford.edu
*Counsel for Amici Curiae, 19 Intellectual Property Professors*

Scott R. McIntosh, Esquire
Daniel Tenny, Esquire
Cɪᴠɪʟ Dɪᴠɪꜱɪᴏɴ, U.S. Dᴇᴘᴀʀᴛᴍᴇɴᴛ ᴏꜰ Jᴜꜱᴛɪᴄᴇ
950 Pennsylvania Ave., N.W.
Room 7215
Washington, DC 20530
T: (202) 514-1838
*Attorney for United States of America*

W. Michael Hensley
AlvaradoSmith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
T: (714) 852-6835
E: mhensley@alvaradosmith.com
*Counsel for Structured Asset Sales, LLC
and the Pullman Group, LLC*

*Respectfully submitted,*

*/s/ Francis Malofiy*

# FRANCIS ALEXANDER, LLC

FRANCIS MALOFIY
ALFRED JOSEPH (AJ) FLUEHR
280 N. Providence Road; Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

*Law Firm / Lawyers for Michael Skidmore*

*October 3, 2019*