# Nos. 16-56057 & 16-56287

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

### MICHAEL SKIDMORE,
### AS TRUSTEE FOR THE RANDY CRAIG WOLFE TRUST
PLAINTIFF, APPELLANT AND APPELLEE

VS.

### LED ZEPPELIN, *ET AL.*
DEFENDANTS AND APPELLEES
AND

### WARNER/CHAPPELL MUSIC, INC.,
DEFENDANT, APPELLEE AND APPELLANT

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. R. GARY KLAUSNER, DISTRICT JUDGE, CASE NO.15-cv-03462 RGK (AGRx)

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR SANCTIONS

PETER J. ANDERSON, ESQ.
DAVIS WRIGHT TREMAINE LLP
865 SOUTH FIGUEROA, SUITE 2400
LOS ANGELES, CA 90017-2566
TEL.: (213) 633-6800
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE *ET AL.* AND
DEFENDANT, APPELLEE AND APPELLANT
WARNER/CHAPPELL MUSIC, INC.

HELENE M. FREEMAN, ESQ.
PHILLIPS NIZER LLP
485 LEXINGTON AVENUE, 14TH FLOOR
NEW YORK, NY 10017
TEL: (212) 977-9700
ATTORNEY FOR DEFENDANTS AND APPELLEES
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT AND JOHN PAUL JONES

## **TABLE OF CONTENTS**

1.   SUMMARY OF ARGUMENT.................................................................1

2.   THERE IS ABSOLUTELY NO MERIT TO PLAINTIFF'S MOTION ........2

    (a)   From Inception, Plaintiff Has Claimed that as a Matter of Copyright Law the Copyright He Sued upon Protects the Various Versions of Compositions Embodied in Sound Recordings of Spirit Performances ...................................................................................2

        (1)   Plaintiff's Argument Has Always Been that Copyright Law Extends Protection Beyond the Deposit Copy............................2

        (2)   Plaintiff Cited *Three Boys*, But as Support for His Argument that as a Matter of Copyright Law the Deposit Copy Is Not the Copyrighted Work......................................................................5

    (b)   Plaintiff Never Claimed, Let Alone Provided Proof, that Hollenbeck Music Mistakenly Registered Copyright in the *Taurus* Sheet Music that it Deposited with the Copyright Office ..........................................6

        (1)   *Three Boys* and the Correction of Copyright Registrations........6

        (2)   Even if a Mistaken Deposit Can Be Proven and Corrected, Plaintiff Never Claimed Hollenbeck Music Deposited the Wrong Sheet Music...................................................................8

3.   CONCLUSION...................................................................................9

i

# TABLE OF AUTHORITIES

**CASES**

*Harris v. Emus Records Corp.*,
    734 F.2d 1329 (9th Cir. 1984) ..........................................................................7

*Testa v. Janssen*,
    492 F. Supp. 19  (W.D. Pa. 1980) ...................................................................7

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000) ................................................................. 5, 6, 7

*Urantia Found. v. Burton*,
    1980 WL 1176 (W.D. Mich. Aug. 27, 1980) ...................................................7

**STATUTES**

17 U.S.C. 12 (1909 Act) ........................................................................................4, 7

17 U.S.C. 301 ............................................................................................................4

17 U.S.C. § 408(b)(1)................................................................................................7

**RULES**

Federal Rule of Civil Procedure 26(a) .....................................................................8

**REGULATIONS**

37 C.F.R.

    § 202.6(d)(3)(i) ..............................................................................................7

    § 202.6(d)(4)(ii) .............................................................................................7

ii

**RESPONSE**

## 1.  **SUMMARY OF ARGUMENT**

Plaintiff has filed a baseless motion for sanctions to argue a point that he failed to raise during rebuttal argument and try to convince the Court he made an argument below that he never in fact made.

There is no doubt that from his initial complaint through these appeals, plaintiff has claimed that *as a matter of copyright law* the copyright he sues upon protects the recorded versions of *Taurus* as performed by the band Spirit, rather than the *Taurus* sheet music that Hollenbeck Music deposited when it registered the copyright with the Copyright Office.  Plaintiff, deeming the deposited sheet music incomplete and irrelevant, never even mentioned the *Taurus* deposit copy in his complaints and never produced the deposit copy, which instead was produced by defendants.

However, plaintiff never claimed, and also never tried to prove, *the factual argument* that Hollenbeck Music mistakenly deposited the *Taurus* sheet music when it registered the copyright and that the supposed mistake can be corrected.  Yet that is exactly what plaintiff's counsel appeared to suggest at argument.  And defendants' counsel was absolutely correct when he raised that plaintiff never pleaded nor tried to prove that Hollenbeck Music deposited the wrong thing, despite the fact that plaintiff had access to the person who prepared the *Taurus* sheet music and to the

owner of the company, Hollenbeck Music, that deposited it with the Copyright Office.

Plaintiff's ill-advised attempt to use a sanctions motion against opposing counsel in order to improperly pursue a new factual argument of correctable registration error is unsupported by the record and law and just another instance of plaintiff's litigation misconduct noted by the District Court. 1—SER—6, 17-20. In short, plaintiff's sanctions motion is itself sanctionable.

**2.     THERE IS ABSOLUTELY NO MERIT TO PLAINTIFF'S MOTION**

> **(a)     From Inception, Plaintiff Has Claimed that as a Matter of Copyright Law the Copyright He Sued upon Protects the Various Versions of Compositions Embodied in Sound Recordings of Spirit Performances**

>> **(1)     Plaintiff's Argument Has Always Been that Copyright Law Extends Protection Beyond the Deposit Copy**

Plaintiff sued for infringement of the copyright that Lou Adler's Hollenbeck Music registered with the Copyright Office. From inception, plaintiff claimed that as a matter of copyright law Hollenbeck Music's copyright protects the versions of *Taurus* embodied in studio and bootleg recordings of Spirit's performances and plaintiff ignored as incomplete and irrelevant the *Taurus* sheet music that Hollenbeck Music deposited with its registration.

In the action below, plaintiff's complaint and amended complaint each failed to even mention the *Taurus* deposit copy and, instead, referred to claimed similarities in performance elements such as "tempo" and "instrumentation" that do not appear in the *Taurus* sheet music. Attached Declaration at 11, ¶ 4, & Exhibit 1 at 23, ¶¶ 171-72[1]; XI—ER—2737, ¶¶ 179-80. Plaintiff also did not produce the *Taurus* deposit copy in discovery. Instead, it was produced by defendants. Declaration at 11, ¶ 5.

When defendants moved for summary judgment raising, *inter alia*, the lack of substantial similarity between *Stairway to Heaven* and the *Taurus* deposit copy, plaintiff argued in his Opposition that "[t]he deposit copy of Taurus does not reflect the entirety of the musical composition, which is instead reflected by the composition of Taurus embodied in the 49-year old sound recording." Exhibit 2 at 18:19-22. Further, the expert declarations that plaintiff submitted in opposition to the summary judgment motion compared *Stairway to Heaven* and recordings of Spirit performances, not the *Taurus* deposit copy. I—ER—119-20, 132-33. In his pretrial Memorandum of Contentions of Fact and Law, plaintiff argued that "the deposit copy does not contain the entirety of the composition of Taurus, legally speaking." Exhibit 3 at 12:6-8.

---

[1]     All references to Exhibits are to those to the attached Declaration.

3

On appeal, plaintiff continued to argue that as a matter of copyright law Hollenbeck Music's copyright protects the versions of *Taurus* embodied in Spirit's recorded performances. In his Opening Brief, plaintiff argued that the copyright protected not the deposit copy, but the composition as "consistently played . . ." and "the deposit requirement has always been purely archival in nature and was never intended to affect the scope of copyright protection . . . ." Dkt. Entry 18 at 31, 32 ("nowhere does the 1909 Act state that the deposit copy submitted pursuant to [17 U.S.C.] § 12 governs the scope of copyright protection"), & at 34 ("the deposit copy does not control what the work is"). Plaintiff adhered to this position in his Combined Reply and Answering Brief, rejecting "that the deposit copy lead sheet substantively governs the scope of protected scope of expression in a musical work." Dkt. Entry 44 at 8. He also adhered to that position in his January 3, 2019, supplemental correspondence, arguing that "a work is given 'statutory protection by [17 U.S.C.] 301 *as created/fixed – not* by a later deposit." Dkt. Entry 85 at 1-2.

After the panel decision, plaintiff argued in his Petition for rehearing and rehearing en banc that the panel erred by concluding "that the deposit copy lead sheet defines the scope of 'Taurus's' composition under the 1909 Copyright Act . . . ." Dkt. Entry 74 at 4 & at 12-13. In his Response to the United States and other amici, plaintiff chastised the United States and the Copyright Office for not recognizing

4

that "[t]he case law and legislative history demonstrate that . . . the deposit copy never defined the scope of copyright protection . . . ." Dkt. Entry 149 at 5.

**(2)     Plaintiff Cited *Three Boys*, But as Support for His Argument that as a Matter of Copyright Law the Deposit Copy Is Not the Copyrighted Work**

Plaintiff, in arguing that he has challenged the *Taurus* deposit copy, notes his repeated citation of *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) and *Three Boys*' reference to a "broad and deferential" definition of a "complete copy" for deposit purposes. 212 F.3d at 486. But plaintiff relied on *Three Boys* for his argument that *as a matter of copyright law* the deposit copy does not define the copyrighted work.

Thus, in his Opposition to defendants' summary judgment motion, argued that in *Three Boys*, "[t]he Ninth Circuit . . . held that the composition elements reflected in a sound recording, even if not on the deposit lead sheet, are to be considered by a jury." Exhibit 2 at 19:17-19. In his Opening Brief on appeal, he argued that *Three Boys* "conforms" with the view "that the deposit copy lead sheet does not define the scope of copyright." Dkt. Entry 18 at 33. In his Combined Reply and Answering Brief, he argued that "Three Boys Music is more proof that the deposit copy requirement has never been contemplated as substantive as opposed to jurisdictional by litigants or the courts." Dkt. Entry 44 at 26.

5

That is a misreading of *Three Boys*, which instead concluded that the plaintiff's allegedly incomplete deposit copy did not void the plaintiff's registration and deprive the district court of subject matter jurisdiction. 212 F.3d at 485-86. Moreover, *Three Boys* confirms that the deposit copy is the copyrighted work by relying on trial testimony "that the deposit copy included all of the [plaintiff's] song's essential elements such as the title hook, chorus, and pitches" allegedly copied by the defendants. 212 F.3d at 486. In any event, however, plaintiff relied on *Three Boys* only to argue that as a matter of copyright law applicable to all deposit copies, the copyright is not limited to the deposit copy.

(b)     **Plaintiff Never Claimed, Let Alone Provided Proof, that Hollenbeck Music Mistakenly Registered Copyright in the *Taurus* Sheet Music that it Deposited with the Copyright Office**

(1)     **_Three Boys_ and the Correction of Copyright Registrations**

At oral argument, plaintiff's counsel appeared to argue that *Three Boys'* reference to a broad and deferential definition of a "complete copy" supports correcting the *Taurus* sheet music as an incorrect deposit copy. *Three Boys'* reference to a broad and deferential definition is dictum given that case's trial testimony that the allegedly copied elements appear in the plaintiff's deposit copy. Further, it is dictum of questionable pedigree.

6

*Three Boys* cites only *Harris v. Emus Records Corp.*, 734 F.2d 1329 (9th Cir. 1984). *Harris*, however, had nothing to do with a deposit copy and, instead, held that a registration's mistaken identification of the author did not invalidate the registration. 734 F.2d at 1331-32, 1335. *Harris* also cited two cases that similarly did not deal with deposit copies but rather registrations that mistakenly identified the author of the work. *Testa v. Janssen*, 492 F. Supp. 198, 201 (W.D. Pa. 1980); *Urantia Found. v. Burton*, 1980 WL 1176, at *3-4 (W.D. Mich. Aug. 27, 1980).

However, there is a world of difference between misidentifying the author and depositing the wrong work as the unpublished work in which copyright is claimed. As *Urantia* raised, the 1909 Act did not require that the registration identify the author. 1980 WL 1176, at *3-4. In contrast, the 1909 expressly required, and the 1976 Act continues to require, the deposit of a "complete copy of" the work in which copyright is claimed. 17 U.S.C. § 12 (1909 Act); 17 U.S.C. § 408(b)(1). And that requirement fulfilled the important function of confirming the unpublished work in which copyright was claimed. Defendants' Combined Reply to Plaintiff's Responses to Amici Briefs (Dkt. Entry 155) at 17-18; U.S. Amicus Brief (Dkt. Entry 129) at 12-13. To that end, while supplementary registrations may be filed to correct, for example, the authors of a work (37 C.F.R. § 202.6(d)(3)(i)), the deposit copy cannot be changed (*id.* at § 202.6(d)(4)(ii)).

7

> **(2)    Even if a Mistaken Deposit Can Be Proven and Corrected, Plaintiff Never Claimed Hollenbeck Music Deposited the Wrong Sheet Music**

Defendants' counsel correctly raised at argument that—even if a mistaken deposit copy can be proven and corrected—plaintiff never claimed or offered any evidence that Hollenbeck Music mistakenly submitted the *Taurus* sheet music as the deposit copy when it registered its copyright.

In none of plaintiff's filings did he allege that Hollenbeck Music made a mistake when it submitted the *Taurus* sheet music to the Copyright Office.  Nor did plaintiff ever identify any witness as to the preparation of the deposit copy or Hollenbeck Music's submission of it to the Copyright Office.

For example, plaintiff's Federal Rule of Civil Procedure 26(a) initial disclosures did not identify Barry Hansen, who prepared the deposit copy, as a potential witness, and identified Hollenbeck Music's Lou Adler but did not list the deposit copy among the subjects of his potential testimony.  Exhibit 4 at 12.   In opposing defendants' motion for summary judgment, plaintiff prepared and submitted Mr. Hansen's declaration to authenticate bootleg recordings of Spirit performing *Taurus*, but his declaration is silent as to the deposit copy.  10—ER—2526.   Plaintiff's pretrial Memorandum of Contentions of Fact and Law nowhere referred to any contention that Hollenbeck Music mistakenly submitted the *Taurus*

8

sheet music when it registered the copyright. Exhibit 3. Plaintiff's trial witness list

included both Mr. Hansen and Mr. Adler, but again not as witnesses with respect to

the *Taurus* deposit copy, let alone as witnesses to any mistake in preparing it or

submitting it to the Copyright Office. Exhibit 5 at 6:3-7, 8:24-26. At trial, plaintiff

called neither Mr. Hansen nor Mr. Adler as a witness. Declaration at 12, ¶ 9.

Importantly, nowhere in plaintiff's motion for sanctions does he dispute

that—as raised by defendants' counsel at argument (Video of Sept. 23, 2019

Argument at 25:40-27:14; Exhibit 6)—plaintiff's witness, Mr. Hansen, never

claimed an error in the *Taurus* deposit copy and plaintiff never offered any evidence

from Mr. Adler that there was an error. Further, the fact that defendants' counsel

made that specific point at argument leaves no doubt that—rather than referring to

plaintiff's claim that as a matter of copyright law the deposit copy does not define

the copyrighted work—defendant's counsel was referring to plaintiff's failure to

allege or prove that Mr. Hansen made a mistake in preparing the *Taurus* sheet music

or that Hollenbeck Music mistakenly submitted it to the Copyright Office as a

complete copy of the work in which copyright was claimed. Exhibit 6.

## 3. CONCLUSION

There is absolutely no merit to plaintiff's motion for sanctions. Defendants

respectfully submit that the motion should be denied and the Court should consider

9

imposing sanctions—including awarding defendants their legal fees in opposing the

motion—against plaintiff and his counsel, as the Court deems appropriate.

Respectfully submitted,

Dated: October 14, 2019                     /s/ Peter J. Anderson
                                    Peter J. Anderson, Esq.
                                 DAVIS WRIGHT TREMAINE LLP


                                  Helene M. Freeman, Esq.
                                  PHILLIPS NIZER LLP

10

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1.      I am an attorney admitted to practice before this Court, the District Court for the Central District of California, and all Courts of the State of California. I have personal knowledge of the following facts and I could competently testify to these facts if called upon to do so.

2.      I represent, and represented in the case below, defendants and appellees James Patrick Page, Robert Anthony Plant, John Paul Jones, Atlantic Recording Corporation, Rhino Entertainment Company, Super Hype Publishing, Inc., and Warner Music Group Corp., and defendant, appellee and appellant Warner/Chappell Music, Inc.

3.      This Declaration is submitted in response to plaintiff's motion for sanctions.

4.      Attached to this Declaration as Exhibit 1 is a true and correct copy of an excerpt of plaintiff's initial complaint in the action below.

5.      Plaintiff did not produce the *Taurus* deposit copy in discovery.  Instead, defendants obtained the *Taurus* deposit copy from the Copyright Office after plaintiff filed the action below and produced it to plaintiff in discovery.

11

6.     Attached to this Declaration as Exhibit 2 is a true and correct copy of an excerpt of plaintiff's March 7, 2016 Memorandum of Points and Authorities filed in the action below as Document 118, in opposition to defendants' motion for summary judgment or partial summary judgment.

7.     Attached to this Declaration as Exhibit 3 is a true and correct copy of plaintiff's April 4, 2016 Memorandum of Contentions of Fact and Law filed in the action below as Document 158.

8.     Attached to this Declaration as Exhibit 4 is a true and correct copy of an excerpt of plaintiff's August 13, 2015 Federal Rule of Civil Procedure 26(a) Initial Disclosures, which did not mention Barry Hansen.

9.     Attached to this Declaration as Exhibit 5 is a true and correct copy of an excerpt of plaintiff's April 4, 2016 Witness List filed in the action below as Document 158-1.  At the trial in the action below, plaintiff did not call Barry Hansen or Lou Adler as witnesses.

10.     Attached to this Declaration as Exhibit 6 is a certified transcription of the portion of the Court's audio recording of the September 23, 2019 argument before this Court, from twenty-five minutes and forty seconds to twenty-seven minutes and fourteen seconds.

11.     I have practiced law for nearly forty years and I have never been sanctioned by any court and sanctions have never been awarded against a client of mine during my representation of that client.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2019 in Los Angeles County, California.

/s/ Peter J. Anderson
PETER J. ANDERSON

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF System on October 14, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

Dated: October 14, 2019                 /s/ Peter J. Anderson